## Richmond

LAETITIA M. BARBOUR v. CITY OF ROANOKE.

November 28, 1966.

Record No. 6315.

Present, All the Justices.

*Stuart A. Barbour, Jr.*, for the plaintiff in error.

No brief or argument for the defendant in error.

I'ANSON, J., delivered the opinion of the court.

On December 30, 1960, Laetitia M. Barbour, petitioner, filed a petition with the clerk of the Court of Law and Chancery of the City of Roanoke to correct an assessment made during the 1958 quadrennial reassessment of property situated in the city of Roanoke, alleging that the assessed value "is erroneous in that it is not uniform in its application in relation to similarly situated properties." Subsequent to December 31, 1960, copies of the petition were served on the city attorney and the commissioner of revenue.

At a hearing on the petition, on July 15, 1965, the trial court sustained a motion to dismiss the petition on the ground that it had not been timely served on the "City Attorney or other designated City official" and on July 19, 1965, entered its order dismissing the petition.

The petitioner contends that the requirements of § 58-1145, Code of 1950, 1959 Repl. Vol., relating to applications to correct erroneous assessments, are satisfied by filing a petition with the clerk of the proper court within two years from the thirty-first day of December of the year in which the assessment in question is made, and that service of a copy of the petition on the city attorney or other city official within the two-year period is not required. The city did not file a brief setting forth its arguments on this appeal, but it appears that its position in the lower court was that service on the city attorney was required within the specified two-year period as well as filing of the petition with the clerk.

The pertinent part of § 58-1145 is as follows:

"Any person assessed with county or city levies or other local taxes on real estate, aggrieved by any such assessment, may, unless otherwise specifically provided by law, within two years from the thirty-first day of December of the year in which any such assessment is made * * * apply for relief to * * * any city court of record of the city wherein such assessment was made. In such proceeding the burden of proof shall be upon the taxpayer to show that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application * * *."

Code § 58-1151 states that § 58-1145, insofar as it applies to real estate, "shall be construed to include assessments made at a general reassessment and the remedy therein provided shall be available to any person assessed at such general reassessment although no taxes may have been extended on the basis of such assessment at the time the application is filed."

The issue raised by the pleadings in the present case is not the same as the issue before us in the recent case of *Hoffman* v. *Augusta County*, 206 Va. 799, 146 S. E. 2d 249 (1966). There the petitioner sought a correction of the tax levied. We held that where petitioner objects to the actual tax levied, although assigning an erroneous valuation as one ground for the objection, the assessment of the tax itself determines whether the application for relief has been timely filed, and

the year in which the last general reassessment was made is not solely determinative of the time within which the taxpayer must petition for relief. In the instant case, however, the taxpayer attacks the general reassessment of value made in 1958, and she was required to file her petition within two years from the thirty-first day of December of that year.

It appears from the final order of July 19, 1965, that the trial court was of opinion that the proceeding was not governed by the Rules of Court, and since under established practices and procedures such proceeding was not deemed commenced until notice was served on the city attorney, the petition was not timely filed because the notice was not served, or accepted, by the city attorney within the required two-year period. We agree with the trial court that the Rules of Court do not apply in a proceeding for the correction of an erroneous assessment. Rule 3:1. See, Phelps, Virginia Rules of Procedure in Actions at Law, pp. 4-5 (1959). Rule 3:1 provides that, "In matters not covered by these Rules, the established practices and procedures are continued." However it does not necessarily follow that under the established practice and procedure before the present Rules of Court were adopted service of notice of the filing of the petition was required to commence this action.

Section 58-1145 states, "Any person * * * aggrieved by any such assessment, may * * * within two years * * * apply for relief to * * * any city court of record of the city wherein such assessment is made." The section contains no express direction that service is necessary to consummate the application which must be filed within the specified time.

In *Leesburg* v. *Loudoun National Bank*, 141 Va. 244, 247, 126 S. E. 196, 197 (1925), we distinguished a statute of limitations which bars an accrued right from a limitation of time which is an integral part of the statute creating the right. There we held that the remedy for an erroneous assessment is limited by the statute which creates it. Thus it is not necessary to look beyond the statute for additional limitations in established practice and procedure.

Moreover, § 58-1146 provides that the time which shall elapse from the filing of the application in the clerk's office to the hearing by the court shall be excluded from the computation of the two-year period. The provision that the running of the statute is stopped by filing an application with the clerk excludes an interpretation that an

action under § 58-1145 was not effectively begun until notice was served on the city attorney.

The Code sections governing the correction of erroneous assessments do not in terms provide for the naming of any defendant. Code § 58-1149 provides that no order made in favor of an applicant shall have any validity unless it is stated therein that the city attorney defended the application or, after notice of the application failed or refused to defend, and that the commissioner of revenue was examined as a witness touching the application. Although § 58-1149 requires notice to the city attorney before any order is entered, it does not provide that notice must be given within the two-year time limit specified in § 58-1145 in order to commence the proceeding.

Thus we hold that the filing of the petition with the clerk on December 30, 1960, satisfied the requirements of § 58-1145 and that it was error for the trial court to dismiss the petition on the ground that the proceeding was not commenced until notice had been served on, or accepted by, the city attorney. The judgment appealed from is reversed, the petition reinstated, and the case remanded for further proceedings.

*Reversed and remanded.*