## CIRCUIT COURT OF HENRICO COUNTY

Lewis Bosher

v.

Henrico County

October 3, 1978

. Case No. 78L238

BY JUDGE E. BALLARD BAKER

For 1977, real estate owned by Lewis Bosher was assessed at $336,100.00 on which he paid real estate taxes of $3,361.00. On October 24, 1977, Bosher applied for a review of assessment. On March 30, 1978, he was notified that the property would be assessed at $223,000.00 for 1978.

Bosher applied for a partial refund of $1,131.00 on the tax paid in 1977. The application was denied. This action under § 58-1145 was filed, the request being that the 1977 assessment be declared erroneous and be corrected and that the 1977 assessment be rescinded and he be given a refund or allowed a credit of $1,131.00 on the 1978 tax.

The County demurred on the basis that Bosher did not present his claim to the Board of Real Estate Review as provided in § 15.1-640(d). This section provides that "all appeals by any person aggrieved by any real estate assessment shall first . . ." be made to the Board. Further, applications for review must be made by April 1.

Bosher argues that this § 58-1145 proceeding is an "Application for Relief and Correction of Erroneous Tax Assessment and Refund of Overpayment," not an "application for review of a real estate assessment."

In *Hoffman* v. *Augusta County*, 206 Va. 799 (1966), the Court pointed out that the word "assessment" in § 58-1145 has two meanings. In the first sentence it means the amount of the tax; in the second sentence it means the value of the property. This raises two problems. The provision allowing a taxpayer to apply to the Circuit Court if "aggrieved by any such

assessment . . . unless otherwise specially provided by law . . ." is in that sentence where assessment means the tax itself. However, in a proceeding brought under § 58-1145 to complain of the amount of such tax, the Court must determine if the assessment of the land is correct. This latter is the thing which, under the County Manager form, must first come before the Board of Real Estate Review.

Does § 15.1-640(d) in addition to providing a means by which a tax-payer may complain of a real estate assessment, also provide a means by which he may complain of the levy or tax based on that assessment? This section does more than provide a procedure to review real estate assessments. It also provides that "The taxes for each year on such real estate assessed shall be extended on the basis of the last assessment made prior to such year." Applications for review of the land assessment must be made by April 1 "of the year for which extension of taxes on the assessment is to be made." After hearing, the Board of Real Estate Review certifies its action to the Director of Finance.

Presumably, though this is not spelled out in § 15.1-640, the Director of Finance is the person who actually extends the taxes on the real estate assessment. The Director does the actual computation of the amount of tax on the real estate.

Under § 15.1-640(d), the taxpayer can appeal from any "action of the real estate board of review . . . ." This is an appeal from the assessment of value of the land, not an appeal from the amount of the tax.

What all this comes down to is that § 58-1145 provides for an appeal from the amount of the tax, while § 15.1-640(d) provides for an appeal from the amount of the assessment.

It can be argued that the final result is the same because under either section the ultimate issue is whether the real estate is properly assessed. However, § 58-1145 also permits the taxpayer to show "that the assessment is otherwise invalid or illegal . . . ." That provision was put into § 58-1145 by the General Assembly in 1974, after *City of Waynesboro* v. *Keiser*, 213 Va. 229 (1972), had held unconstitutional a provision allowing a court to make an adjustment in the assessment in its discretion. No provision similar to the 1974 amendment to § 58-1145 is found in § 15.1-640(d), and Henrico County taxpayers do not appear entitled to have a court consider whether an assessment "is otherwise invalid or illegal . . ." under § 15.1-640(d).

As § 58-1145 allows a broader review than does § 15.1-640(d), equal protection may require that Henrico taxpayers be permitted to pursue § 58-1145.

Consequently, I am inclined to overrule the demurrer and see just what brought about this situation.