## Richmond

CITY OF ALEXANDRIA

V.

RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD
COMPANY

March 12, 1982.

Record No. 791447.

RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD
COMPANY

V.

COUNTY OF HENRICO

March 12, 1982.

Record No. 791580.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson, and Stephenson, JJ., and
Harrison, Retired Justice.

*Nolan B. Dawkins, Assistant City Attorney,* for appellant. (Record No. 791447)

*Fred C. Alexander, Jr. (Urchie B. Ellis; Boothe, Prichard & Dudley,* on briefs), for appellee. (Record No. 791447)

*Amicus Curiae: State Corporation Commission. (Lewis S. Minter,* on brief), for appellant. (Record No. 791447)

*Fred C. Alexander, Jr. (Urchie B. Ellis; Boothe, Prichard & Dudley,* on briefs), for appellant. (Record No. 791580)

*Joseph P. Rapisarda, Jr., Acting County Attorney,* for appellee. (Record No. 791580)

*Amicus Curiae: State Corporation Commission. (Lewis S. Minter,* on brief), for appellee. (Record No. 791580)

POFF, J., delivered the opinion of the Court.

Does a circuit court have jurisdiction to entertain an application filed under Code § 58-1145 by a public service corporation to correct a local real estate tax levy on the ground the underlying evaluation made by the State Corporation Commission (SCC) was erroneous? Two circuit courts have entered diverse judgments on that question, and, in combined appeals, we are asked to resolve the conflict.

In Virginia, real estate is "segregated for, and made subject to, local taxation only, and shall be assessed for local taxation in such manner and at-such times as the General Assembly may prescribe by general law." Va. Const., Art. X, § 4. *See also* Code § 58-9. For purposes of local taxation, the fair market value of real estate owned by public service corporations, including that of railway companies, is determined by SCC, the "central State agency" designated by statute. Va. Const., Art. X, § 2; Code §§ 58-503.1, -529. Values, fixed annually by SCC order, are certified to local governments, Code § 58-538, which apply local tax rates to those values and levy the taxes, Code §§ 58-518, -522.

In determining the values fixed in its August 1975 order, SCC employed an "additive factor". In a hearing on an application filed with SCC under Code § 58-672, Richmond, Fredericksburg

& Potomac Railroad Company (RF&P) argued that the use of that factor in the evaluation of its property in Arlington County violated the fair-market-value standard of Va. Const., Art. X, § 2. By order entered in December 1977, SCC rejected the argument and denied the application. Upon appeal of that order, we upheld the constitutional challenge in respect to RF&P's Arlington County property and remanded the case with instructions that SCC correct its evaluation of that property and enter an order under the provisions of Code § 58-675 authorizing RF&P to recover the excess of taxes paid to Arlington County. *RF&P* v. *Corporation Commission,* 219 Va. 301, 247 S.E.2d 408 (1978) (hereinafter, the Arlington County case).

RF&P filed § 58-672 applications with SCC for review and correction of SCC evaluations of its property located in Alexandria and Henrico County for taxable years 1976, 1977, and 1978. Pursuant to SCC orders entered under § 12.1-15 after our decision in the Arlington County case, the city and the county refunded the excess of taxes collected for those years.

RF&P did not address its § 58-672 applications to taxable year 1975, and the SCC refund orders did not extend to that year. However, the three-year limitation of Code § 58-1145 had not expired, and RF&P filed applications invoking that statute in the Circuit Courts of the City of Alexandria and the County of Henrico. The Alexandria court accepted jurisdiction and granted RF&P summary judgment. The Henrico court ruled that it had no jurisdiction and dismissed the application with prejudice.

Defending one judgment and appealing from the other, RF&P argues that "the remedy provided the taxpayer by § 58-672[1] is not exclusive" and that the remedy provided by § 58-1145[2] is "available to the taxpayer". We agree that § 58-672,

---

[1] **§ 58-672. Application to Commission for review.** — Any company or corporation, and the State or any county, city or town aggrieved by any action of the Commission in the ascertainment of, or the assessment for taxation of, the value of any property of any transportation company or other public service corporation or in the ascertainment of any tax upon any such company or corporation of its property may, at any time within three months after receiving a certified copy of such assessment of value or tax, apply to the Commission for a review and correction of any specified item or items thereof. Such application shall set forth with reasonable certainty the item or items, of which a review and correction is sought, and the grounds of the complaint. If filed by any such company or corporation it shall be verified by affidavit.

[2] **§ 58-1145. Application to court to correct erroneous assessments of local levies generally.** — Any person assessed with county or city levies or other local taxes, aggrieved by

which provides the means of contesting property assessments, does not exclude a remedy afforded by another statute when the provisions of the two statues "differ materially with respect to the nature of the tax assessed and the circumstances under which relief may be sought." *Railway Express* v. *Commonwealth,* 196 Va. 368, 371, 83 S.E.2d 421, 423 (1954) (§ 58-672 does not foreclose a public service corporation's right under § 58-1122 to petition SCC for correction and refund of gross receipts license tax). The question, then, is whether the § 58-1145 remedy was "available" to RF&P in these cases.

The first sentence of that statute authorizes "[a]ny person assessed . . . [to] apply for relief to the circuit court . . . wherein such assessment was made", and the second sentence places the burden "upon the taxpayer to show . . . that the assessment is . . . invalid or illegal". We have held that, in the first sentence, "assessment" means the amount of the tax imposed and, in the second sentence, the evaluation of the property, and that the General Assembly intended that "the remedy provided by Code § 58-1145 shall be available to a landowner to attack an assessment in whichever of its two meanings the word is employed." *Hoffman* v. *Augusta County,* 206 Va. 799, 802, 146 S.E.2d 249, 251 (1966). Relying upon that language in *Hoffman,* RF&P argues that § 58-1145 is "a broad, general statute" avail-

any such assessment, may, unless otherwise specially provided by law, within three years from the last day of the tax year for which any such assessment is made, apply for relief to the circuit court of the county or any city court of record of the city wherein such assessment was made. In such proceeding the burden of proof shall be upon the taxpayer to show that the property in question is assessed at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic and wilful discrimination has been made. Part 4 of the Rules of the Supreme Court of Virginia (Pretrial Procedures/Depositions and Production at Trial) shall apply to proceedings brought under this section for correction of a property tax assessment, in any case in which the difference between the assessed value and the fair market value as claimed by the taxpayer exceeds one hundred thousand dollars.

In the event it comes or is brought to the attention of the commissioner of revenue of the locality that the assessment of any tax is improper or is based on obvious error and should be corrected in order that the ends of justice may be served, the commissioner shall apply to the appropriate court, in the manner herein provided for relief of the taxpayer. Such application may include a petition for relief for any of several taxpayers.

able to all taxpayers who choose to "challenge the invalidity or illegality of the amount of the tax (the money)".[3]

*Hoffman* is not germane to the issue here. There, we were required to decide whether the § 58-1145 time limitation began to run on the date the landowner's property was assessed (evaluated) for taxation or the date on which the tax was assessed (levied). We decided that the period of limitation began to run when the assessment process was completed, that is, when the tax was levied. Here, the assessment process was bifurcated; SCC evaluated the property and the local governments imposed the levies. To prevail upon its applications, RF&P had the burden of proving that SCC's assessments (evaluations) were "invalid or illegal".

RF&P contends that it discharged that burden in its appeal in the Arlington County case and, hence, that SCC's order evaluating its properties in Alexandria and Henrico County was not at issue in the circuit courts. We disagree.

In the Arlington County case, we held that the procedure employed by SCC to evaluate RF&P's Arlington County property was unconstitutional and that such procedure rendered the evaluation of *that property* invalid. The validity of SCC's August 1975 order fixing values state-wide was not before the Commission or before us on appeal, and, with respect to RF&P's Alexandria and Henrico County properties, that order was not reversed or otherwise altered by our mandate. Accordingly, the validity of SCC's order and its evaluations of those properties were necessarily challenged by RF&P's § 58-1145 applications to the circuit courts. Had the circuit courts had jurisdiction to consider those challenges, RF&P could have prevailed, but the fact that a party has a meritorious claim will not confer jurisdiction upon a court. The question before us is whether RF&P chose the proper remedy in the right forum.

A party aggrieved by SCC action has an appeal of right to this Court, and "[n]o other court of the Commonwealth shall have jurisdiction to review, reverse, correct, or annul any action of the Commission . . . ." Va. Const., Art. IX, § 4; Code § 12.1-39.

---

[3] Parenthetically, RF&P suggests on brief that to construe that statute to exclude public service corporations as one class of taxpayers "would raise serious questions of equal protection under the Fourteenth Amendment". Such questions, never put to the circuit courts or raised by assignments of error, will not be noticed for the first time on appeal. Rule 5:21.

. . . We believe the prohibition of Article IX, Section 4 applies whether Commission action is attacked directly or collaterally. If, in either case, the challenge requires review leading to reversal, correction, or annulment of Commission action, the constitutional section, in no uncertain terms, forecloses jurisdiction to any Virginia court save this tribunal.[4]

*Little Bay Corp.* v. *VEPCO,* 216 Va. 406, 409, 219 S.E.2d 677, 679 (1975).

In *Little Bay,* we held that a circuit court was without jurisdiction to entertain an action by Little Bay Corporation claiming damages for breach of contract by Virginia Electric and Power Company. We did so because the claim required the court to review SCC's order forbidding VEPCO to make such contracts. In passing, we noted that Little Bay was not denied a forum or remedy, because it could have intervened in SCC's proceedings, opposed the order, appealed an adverse order, and, if successful in this Court, "could have proceeded in the trial court, unfettered by the Commission's order, to prosecute its contract claim against VEPCO." 216 Va. at 409, 219 S.E.2d at 679-80. RF&P construes this dictum as a "teaching" that those adversely affected by an SCC order "are free to resort to the circuit courts for redress", once the SCC order is reversed by this Court. But, as we have said, SCC's August 1975 order was never appealed to this Court and the evaluations it fixed remained unaffected by our mandate in the Arlington County case.

Since consideration of RF&P's § 58-1145 applications required a review and correction of SCC's order, we hold that the circuit courts had no jurisdiction to entertain those applications.[5] We will affirm the judgment of the Circuit Court of the County of Henrico. The judgment of the Circuit Court of the City of Alexandria

---

[4] The preclusive language of § 58-1145 recognizes the constitutional absolute. That statute provides a remedy unless relief is "otherwise specially provided by law". Code §§ 58-672, -675 specially provide the relief RF&P sought in its applications.

[5] Code § 58-1148 provides that a circuit court granting relief under a § 58-1145 application "shall be clothed with all the powers and duties of the authority which made the assessment complained of". From our holding it follows that this does not apply to assessments (evaluations) made by SCC upon the real estate of public service corporations.

will be reversed and vacated, and we will enter final judgment for the city.

*Record No. 791580, affirmed.*
*Record No. 791447, reversed*
*and final judgment.*