## RICHMOND, FREDERICKSBURG AND POTOMAC RAILROAD COMPANY

v.

## STATE CORPORATION COMMISSION, ET AL.

Record No. 850153

November 27, 1985

Present: All the Justices

*Urchie B. Ellis (Susan H. Pierce*, on briefs), for appellant.

*Charles G. Flinn, County Attorney*, for appellee, Arlington County. No brief or argument on behalf of appellee, State Corporation Commission.

PER CURIAM.

Richmond, Fredericksburg and Potomac Railroad Company (RF&P) petitioned the State Corporation Commission (SCC) for correction of an allegedly erroneous 1983 assessment of four parcels of railroad property in Arlington County and for a refund of $150,544.71 in taxes paid to Arlington in 1983 based on the challenged assessments. The parcels involved form a part of the Potomac Yard, a large railroad classification and marshalling area located partly in Arlington County and partly in the City of Alexandria. This is the fourth time an appeal to this Court has arisen from questions concerning the taxation of the Potomac Yard, *see Railroad Company v. Commonwealth*, 203 Va. 294, 124 S.E.2d 206 (1962); *RF&P v. Corporation Commission*, 219 Va. 301, 247 S.E.2d 408 (1978); and *City of Alexandria v. RF&P*, 223 Va. 293, 288 S.E.2d 457 (1982).

RF&P challenged the assessments on a number of grounds, but the SCC held that all except one ground had been litigated and decided adversely to RF&P in the 1978 case and were subject to the bar of estoppel by judgment. The remaining ground raised by RF&P was that the assessments violated the anti-discrimination provisions of the Railroad Revitalization and Regulatory Reform Act (the "4R Act") § 306, 49 U.S.C. § 11503 (1976). After considering that contention, the SCC found no discrimination in the assessments.

The basis of RF&P's challenge to the assessments is that RF&P is the owner of easements for railroad purposes over the affected parcels of land, while the underlying fee remains in the United States pursuant to an indenture which settled a complex land dispute in 1938. RF&P has the sole use of the affected land "for the construction, maintenance and operation of railroad tracks." If the land is abandoned or put to any other use, the easement will terminate and unencumbered title will vest in the United States. With the exception of the effect of the "4R Act," all questions raised by RF&P in the present case, were raised and decided adversely to RF&P in our prior decisions, particularly *RF&P v. Corporation Commission*, 219 Va. at 318-20, 247 S.E.2d at 418-19. Upon *stare decisis* principles too familiar to require elaboration, we will give no further consideration to those arguments.

The "4R Act" provides, in pertinent part:

(b) The following acts unreasonably burden and discriminate against interstate commerce, and a State, subdivision of a State, or authority acting for a State or subdivision of a State may not do any of them:

(1) assess rail transportation property at a value that has a higher ratio to the true market value of the rail transportation property than the ratio that the assessed value of other commercial and industrial property in the same assessment jurisdiction has to the true market value of the other commercial and industrial property.

(2) levy or collect a tax on an assessment that may not be made under clause (1) of this subsection.

(3) levy or collect an ad valorem property tax on rail transportation property at a tax rate that exceeds the tax rate applicable to commercial and industrial property in the same assessment jurisdiction.

(4) impose another tax that discriminates against a rail carrier providing transportation subject to the jurisdiction of the Commission under subchapter I of chapter 105 of this title [49 USC §§ 10501 *et seq.*].

49 U.S.C. § 11503.

■ The record indicates that all real property in Arlington County, including the four parcels under consideration, was assessed in 1983 at 100% of fair market value. Thus, the first and second subparagraphs of the "4R Act" are inapplicable. The record shows that all commercial and industrial property in Arlington County, including the parcels under consideration, was taxed in 1983 at a rate of 99 cents per $100 of assessed valuation. Thus, the third subparagraph is inapplicable.

■ Finally, Arlington County has clearly not imposed "another tax" which discriminates against railroads so as to violate subparagraph 4. The only tax challenged here is the *ad valorem* real property tax regulated by the first three subparagraphs and imposed in full compliance with those provisions. We agree with the SCC that the fourth subparagraph does not refer to *ad valorem* property taxes at all, but rather refers to other or different schemes of taxation not contemplated by the first three subparagraphs.

Because we conclude that the assessments challenged by RF&P do not offend the provisions of the "4R Act, we will affirm the decision of the SCC.

*Affirmed.*