# Forest Grove Service Corporation

## v.

# Prince William County

Record No. 840768

September 4, 1987

Present: All the Justices

*Richard R. Nageotte* for appellant.
*Sharon E. Pandak, Deputy County Attorney (John H. Foote, County Attorney; James E. Barnett, Assistant County Attorney*, on brief), for appellee.

RUSSELL, J., delivered the opinion of the Court.

The dispositive question in this appeal is whether a circuit court has jurisdiction to review an assessment made by the State Corporation Commission (Commission) upon the property of a public service corporation. We also consider whether the three-year limitation period contained in former Code § 58-1017 applies.

The facts were stipulated below. Forest Grove Service Corporation (Forest Grove) owned and operated facilities that obtained and supplied water. It also had facilities that collected and treated sewage. Forest Grove provided both water and sewer services to a mobile home park and a residential subdivision in Prince William County. For each of the tax years from 1974 through 1980, Forest Grove submitted to the Commission an annual report listing all its property, pursuant to former Code § 58-607. The annual reports listed Forest Grove's reported valuations of its property, and the location thereof, including both those items used in providing water services and those used in providing sewer services.

Each year, the Commission assessed for tax purposes all the Forest Grove property reported to it, without making any breakdown between those properties used for water services and those used for sewer services. The Commission reported its annual assessments to Prince William County. Each year, the County adopted a tax rate, levied taxes on Forest Grove's property by applying its rate to the Commission's assessment, and billed Forest Grove for the taxes.

Forest Grove never initiated any proceedings before the Commission to challenge the assessments, but it refused to pay the

taxes. In 1980, the County instituted this action in the circuit court as a motion for judgment against Forest Grove for the collection of delinquent taxes, with penalties and interest. Forest Grove defended on the grounds that the taxes were void and unconstitutional because they were based on unlawful or erroneous assessments, and that the County's right to collect them was barred by the statute of limitations.

The case was submitted to the circuit court on the stipulated facts and the briefs of counsel. In a letter opinion, the court concluded that it lacked jurisdiction to review an assessment made by the Commission. The court also determined that the three-year statute of limitations contained in former Code § 58-1017, upon which Forest Grove relies, applies only to actions to recover taxes based on corrected assessments, not to taxes on properties properly assessed, and was therefore inapplicable. A final order was entered on February 23, 1984, granting the County judgment in the full amount claimed. We granted Forest Grove an appeal.

Forest Grove's challenge is based upon the fact that former Title 58, Art. 10, Code of Virginia, 1950 (former Code §§ 58-602 through 58-617.2 (1974 Repl. Vol.), revised and recodified in 1984 as a part of Title 58.1, Ch. 26, Art. 1, §§ 58.1-2600 through 58.1-2612 (1984 Repl. Vol.)) provided for assessment by the Commission, and consequent taxation by the localities, of the property of public service corporations engaged in "the business of furnishing water or heat, light and power." Former Code § 58-602. The statutes made no mention of sewer services. Forest Grove argues that the Commission had no authority to assess that part of its property which was used in furnishing sewer services and that the taxes based thereon were unlawful. It concedes the Commission's authority to assess its property used for water services.

The trial court, citing *City of Alexandria* v. *RF&P*, 223 Va. 293, 299, 288 S.E.2d 457, 461 (1982), held that the court lacked jurisdiction to review and correct an order entered by the Commission. We agree. We held in *RF&P* that the remedy for a property owner aggrieved by an assessment made by the Commission was to apply to the Commission, within three months after receiving notice of the assessment, for correction of an erroneous assessment pursuant to former Code §§ 58-673 through 58-675. That remedy was exclusive. If the public service corporation was aggrieved by the result of that proceeding, former Code § 58-679

provided for an appeal of right to this Court. *RF&P* at 299, 288 S.E.2d at 461.

■ Forest Grove relies on *Transco Corp.* v. *Prince William Co.*, 210 Va. 550, 553-54, 172 S.E.2d 757, 760-61 (1970), where we held that a circuit court has jurisdiction to review the classification, by a local assessing officer, between real and personal property which had been valued by the Commission. *Transco* is inapposite. As we pointed out in that decision, the taxpayer did not challenge the assessments fixed by the Commission, but sought only a judicial review of the classification which the local assessing officer applied to the Commission's determination. *Id.*

■ Here, Forest Grove failed to pursue the exclusive remedy provided by law for review of the Commission's assessment. Because the circuit court lacked jurisdiction to review the correctness of the assessments on which the taxes were based, it was also unable to make the ruling, requested by Forest Grove, that the County lacked authority to impose the taxes because of the supposed illegality of the assessments.

■ Forest Grove's final defense was that even if the taxes were lawful, the County's right to collect them was barred by the three-year limitation contained in former Code § 58-1017 (1974 Repl. Vol.). That section provided, in pertinent part:

> [T]he court may enter an order in such proceeding requiring the taxpayer to pay all taxes with which he has been properly assessed for any year or years *or* to pay all taxes with which upon a correct assessment he is chargeable for any year or years of the three years next preceding the year in which the proceedings are instituted.

(Emphasis added.)

We agree with the trial court's construction of the statute: it was intended to fix no limitation upon actions to recover taxes properly assessed, leaving those subject to other limitation periods, applicable to various kinds of taxes, found elsewhere in the Code. The use of the disjunctive "or" between two similar clauses demonstrates legislative intent to make the clauses applicable to different subject matter. The three-year limitation stated in the second clause applies only to cases contemplated by that clause, *viz.* those in which an assessment, once made, has subsequently been corrected. The court correctly perceived the legislative intent to pro-

vide a taxpayer who had been subjected to an assessment, and might have paid the tax, with some relief from a subsequent increase in the assessment followed by a demand for further taxes. Because the assessments in this case were unaltered, the three-year limitation is inapplicable. Forest Grove does not contend that any other statute of limitations applies.

Finding no error in the trial court's rulings, we will affirm the judgment.

*Affirmed.*