## KNOPP BROTHERS, INC.

### V.

## DEPARTMENT OF TAXATION, COMMONWEALTH OF VIRGINIA

Record No. 841195

November 25, 1987

Present: All the Justices

*Peter D. Menk (Lotz, Black & Menk,* on brief), for appellant.
*Kenneth W. Thorson, Senior Assistant Attorney General (William G. Broaddus, Attorney General,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

This is the appeal of an order in an action brought for correction of an erroneous tax assessment. As pertinent here, Code § 58.1-1825 (formerly § 58-1130) provides that: "Any person assessed with any tax administered by the Department of Taxation and aggrieved by any such assessment may . . . within three years from the date such assessment is made, apply to a circuit court for relief." The meaning ascribed to the word "assessment," as used in the foregoing statute, is set forth in Code § 58.1-1820(2) (formerly § 58-1117.20(3) (Cum. Supp. 1983)). That statute provides, " 'Assessment,' . . . shall include a written assessment made pursuant to notice by the Department of Taxation . . . ."

The broad issue in this appeal is whether the trial court correctly ruled that a taxpayer's application for tax relief was filed beyond the three-year limitation period and hence was untimely.

In 1984, appellant Knopp Brothers, Inc., the taxpayer, filed this action by petition under former § 58-1130 against appellee Department of Taxation for correction of a sales and use tax assessment, contesting a 1983 assessment. The department filed a motion to dismiss, contending the action was barred by the foregoing statute of limitations in that the assessment was made in 1978. After considering the petition, the motion, memoranda of law of the parties, and argument of counsel, the trial court granted the department's motion and dismissed the petition. We awarded the taxpayer this appeal from the May 1984 final order.

The petition and documentary exhibits incorporated into the petition disclose the following facts. The taxpayer was in the business of manufacturing gables, wall panels, and roof-supporting trusses. The taxpayer delivered these house components to construction sites and assisted the builders in their installation.

As the result of a 1973 tax department audit, an ongoing controversy began between the taxpayer and the department. The dispute was whether the taxpayer was liable for sales and use taxes because it was a retailer, or whether the taxpayer was not liable

for such taxes because it was a contractor. The controversy dealt with tax liability for the period from 1973 to 1977.

The taxpayer received a letter from the department mailed July 18, 1978 summarizing results of a field audit and enclosing copies of "assessments" showing that the taxpayer owed $47,409.94 for the period in question. The department contends that this was "the" assessment for the period and that the statute of limitations began to run against the taxpayer from that date.

Objecting to the results of the field audit, the taxpayer met with tax department representatives in January 1979. Upon request, the taxpayer supplied additional information to the department. In a June 1979 letter, the department revised the audit, lowered the tax about $2,000, and made demand for payment of the full amount which, with addition of penalty and interest, was greater than the total amount claimed in 1978.

The taxpayer again objected to the audit and appealed administratively to the tax commissioner. Following an October 1979 hearing, the tax commissioner, in a November 21, 1979 letter, advised the taxpayer that it was "considered a contractor with respect to [a substantial number of] transactions," and that a department "auditor will contact you to adjust the audit deficiency accordingly."

In March 1980, according to the taxpayer's allegations, the field auditors continued to take a position contrary to the tax commissioner's ruling and insisted that taxes were owed for a number of transactions. Additional audits and re-audits were conducted.

On October 27, 1981, the department mailed to the taxpayer a printed form labelled "Notice of Assessment," asserting that the "total amount due & payable" for sales taxes, penalty, and interest for the period in question was $24,648.27. The form showed the "Date of Assessment" to be April 1, 1981. A three-year limitation period from the 1978 assessment expired, of course, on July 18, 1981.

The taxpayer again objected, again was audited, and received a form labelled "Notice of Corrected Assessment" dated April 12, 1983 showing that the total sum then due was $21,963.99. The department followed that notice with an August 24, 1983 letter demanding payment of that amount. The taxpayer elected to pay the sum under protest and filed the present action on January 31, 1984, asserting that it had been erroneously or improperly assessed with taxes.

The trial court, in a letter opinion, ruled that the "original" assessment was made on July 18, 1978 and that the statute of limitations began to run from that date. The court was of the view that assessments of taxes due made after the original assessment were adjustments of the original assessment and were not themselves original assessments which would generate a new period for filing suit.

As we have said, the broad issue on appeal is whether the taxpayer's application for relief was untimely. The precise question, however, in this fact-specific case, is whether any of the announcements of a tax due made by the department after the 1978 assessment were merely adjustments of an original assessment or were themselves original assessments which would establish a new period of limitation for filing suit.

■ Initially, we will focus on the meaning of the word "assessment" as employed in the foregoing statutes, §§ 58.1-1825 and -1820(2). The word, in the context of those statutes, means the amount of money in taxes the particular taxpayer is supposed to pay. *Hoffman* v. *Augusta County*, 206 Va. 799, 801, 146 S.E.2d 249, 250 (1966). And, according to the latter statute, the word "assessment" includes a written statement made pursuant to notice by the department. Thus, we examine the record to determine what documents, if any, issued by the department after the 1978 letter constituted an "assessment."

We hold that the announcement dated in April 1981 and mailed to the taxpayer in October 1981 was an "assessment," as that term is used in the statute of limitations. Therefore, this action filed in January 1984 was timely because it was filed within the applicable three-year period.

■ The 1981 announcement was made on a printed department form captioned "Notice of Assessment." The form indicated the taxes, penalty, and interest due by the taxpayer as the result of a field audit for the period in question. This was issued after the department, commencing as early as 1973, had presented to this taxpayer a series of shifting positions on its tax liability for the period in question. The form showed the "Date of Assessment" to be April 1, 1981. Printed on the form was this admonition: "If not paid within 30 days from date of assessment, interest will accrue at the applicable statutory rate from date of assessment." And the form contained this additional printed message: "If this assessment is incorrect or you wish to protest the above

assessment, you must do so in writing within 90 days from date of assessment." Also, the form advises that: "This statement does not include any assessment of tax, penalty, or interest for any reporting period other than shown above."

Manifestly, the document contains all the external decorations of "a written assessment made pursuant to notice," Code § 58.1-1820(2). The department's present contention that the document is not an assessment at all, but merely an adjustment of some original assessment made earlier, is in direct conflict with the department's description of the document made at the time it was issued. Thus, we conclude that the 1981 document qualifies as a written statement issued pursuant to notice of the amount of money in taxes the taxpayer was supposed to pay and was an original assessment.

Accordingly, the trial court erred in ruling that the action was untimely. The order appealed from will be reversed and the case will be remanded for further proceedings.

*Reversed and remanded.*