## CIRCUIT COURT OF LOUISA COUNTY

Louisa County

v.

Virginia Department
of Taxation

April 16, 1992

Case No. (Law) 2791

BY JUDGE JAY T. SWETT

In this declaratory judgment action, the County of Louisa challenges the constitutionality of Va. Code § 58.1–2604(A). In the alternative, it seeks a declaration that the manner in which the Virginia Department of Taxation determined the local assessment ratio for Louisa County as required by § 58.1–2604(A) is contrary to the laws of the Commonwealth. The Virginia Department of Taxation filed a demurrer contending that this Court is without jurisdiction to hear the case and that the action must be brought in the State Corporation Commission. In the alternative, the Department argues that the action is barred by the doctrine of sovereign immunity. The Department also objects to venue arguing that this action, if it exists at all, must be brought in the Circuit Court for the City of Richmond, Division I.

After the County filed its motion for judgment, Virginia Power Company moved to be joined as a party defendant under Rule 3:9A.[1] That motion was granted. Virginia Power then filed a special plea in response to the County's motion for judgment asserting the same grounds for dismissal as those of the Department of Taxation.

The facts necessary to resolve the defendants' pleadings are not in dispute. They are taken from the Motion for Judgment, the briefs of

---

[1] Virginia Power is a public service corporation that owns real estate in Louisa County. The property was assessed by the State Corporation Commission utilizing the local assessment ratio referred to in § 58.1–2604(A).

the parties, and the County's Application filed with the State Corporation Commission, a copy of which was provided with the County's brief.[2]

All local governing entities, including the County of Louisa, have the authority to tax property owned by public service corporations located within the boundaries of the taxing district. However, the manner in which local governments tax property owned by public service corporations is governed by a specific chapter in the tax code.[3] Under the statutory scheme, the State Corporation Commission is the designated agency responsible for the assessment of real and personal property of all public service corporations except those for which the Department of Taxation has been designated. § 58.1–2600.[4] After the Commission has assessed the value of the property of all public service corporations owning property within each county, it sends a list of the assessed values of the properties to each county describing the type of property, the owner, its value, and its location. The counties then apply their particular tax rates against the assessed value provided by the Commission. If a county wishes to review the Commission's action in determining the assessment of public service corporation property located within its boundaries, then the county may apply for a review to the Commission within three months after receiving a copy of the assessment. § 58.1–2670.

Before the Commission sends the list of assessed values to each county, it applies a "local assessment ratio" in any case of an increase in the assessed value of public service corporation real property. § 58.1–2604(A). The local assessment ratios for all counties are determined and published periodically by the Department of Taxation. Stated simply, the statutory scheme is that the Commission

---

[2] In addition to this declaratory action, the County of Louisa has filed a petition with the State Corporation Commission pursuant to § 58.1–2670 but has asked that the Commission stay any action until this Court has ruled on the jurisdictional question presented by the Department of Taxation's demurrer and Virginia Power's special plea.

[3] Chapter 26, "Taxation of Public Service Corporations," Section 58.1–2600, *et seq.*

[4] The Commission is the designated "central state agency" referred to in Article X, § 2, of the Constitution of Virginia and is the exclusive agency authorized to assess the real estate and tangible personal property of public service corporations.

makes a determination of the assessed value of property, including real estate owned by public service corporations. For increases in the assessed value, the Commission multiplies the Department of Taxation's published local assessment ratio for each taxing district to arrive at the final assessment. The final assessment figure is then forwarded to the various local governing bodies which then apply their tax rate to determine the amount of tax paid by the public service corporations which own property within the local taxing district.

Here, the County of Louisa challenges the constitutionality of § 58.1–2604(A) on the ground that the use of a local assessment ratio violates the Virginia constitutional requirement of Article X, § 2, that all assessments of real estate, including those owned by public service corporations, "shall be at their fair market value, to be ascertained as prescribed by law." Since the use of a local assessment ratio results in valuation of a public service corporation's real property at something other than fair market value, the County argues that the constitutional mandate of Article X, § 2, has not been met. Alternatively, the County argues that if § 58.1–2604(A) withstands constitutional scrutiny, then the manner in which the Department of Taxation arrived at the prevailing local assessment ratio for Louisa County is also unlawful since it deprives the County of taxing the value of real property of public service corporations at fair market value.

The Department of Taxation and Virginia Power object to this suit contending that this Court does not have jurisdiction to entertain a declaratory judgment action on the ground that, although the defendant here is the Department of Taxation, the suit is one that seeks to reverse, annul or correct an assessment of the Commission. Therefore, argue the defendants, this Court is without authority to adjudicate this controversy because of the provisions of Article IX, § 4, of the Virginia Constitution. Under that provision, no court other than the Virginia Supreme Court has "jurisdiction to review, reverse, correct or annul any action of the Commission or enjoin or restrain it in the performance of its official duties . . . ."[5] In support of their position, the Department and Virginia Power principally rely on *City of*

---

[5] Section 58.1–2670 requires that those aggrieved by the Commission's actions regarding assessments of public service corporation property apply for relief directly to the Commission. Appeals from the actions of the Commission are to the Supreme Court. Article IX, § 4, and § 12.1–39.

*Alexandria v. Richmond, F. & P. R.R.*, 223 Va. 293 (1982), *Forest Grove Service Corp. v. Prince William County*, 234 Va. 109 (1987), and *Little Bay Corp. v. VEPCO*, 216 Va. 406 (1975). On the other hand, the County argues that this is a proper suit against the Department and relies primarily on *Transco Corp. v. Prince William County*, 210 Va. 550 (1970), and *Richmond F. & P. R.R. v. State Corporation Commission*, 219 Va. 301 (1978).

After reviewing the arguments and the authorities cited in the briefs, this Court concludes that the relief requested by the County would necessarily result in this Court reviewing or correcting an assessment made by the Commission. While it is correct that the County's stated challenge is to the validity of § 58.1–2604(A), the fact is that the suit challenges the correctness of the Commission's final assessment issued to the County after the application of the local assessment ratio.

This Court is unable to distinguish this case from the cases that have affirmed the principle that the Virginia Supreme Court is the only judicial body permitted to review or correct actions of the Commission. *City of Alexandria v. Richmond, F. & P. R.R.*, 223 Va. 293, 299 (1982) (circuit court has no jurisdiction to correct a local real estate tax assessment that in turn requires a review of a Commission order); *Forest Grove Service Corp. v. Prince William County*, 234 Va. 109, 111 (1987) (exclusive remedy to challenge an assessment of the Commission is to file a petition with the Commission); *Atlas Underwriters v. S.C.C.*, 232 Va. 45 (1989) (circuit court may not entertain an action under Va. Freedom of Information Act involving S.C.C.). The exclusivity of the remedy applies with equal force whether the claim involves a collateral or a direct attack on an action of the Commission. *Little Bay Corp. v. VEPCO*, 216 Va. 406, 409 (1975).

This Court does not accept the County's argument that *Transco Corp. v. Prince William County*, 210 Va. 550 (1970), permits this Court to hear this case. In *Transco Corp.*, a public service corporation filed an action to correct a tax assessment by Prince William County arguing that the county had improperly classified its property as personal property rather than as real property. The county demurred arguing that the taxpayer's exclusive remedy was before the Commission. In rejecting the county's argument, the Supreme Court of Virginia held that the challenge to the tax assessment was a chal-

lenge to the method by which it, the county, classified certain property. The Court held that the challenge was not to the assessed value of the property as determined by the Commission. Therefore, the relief requested against Prince William County would not require a review of the assessment of the Commission. 210 Va. at 553.

This suit by Louisa County is in effect a challenge to assessments as determined by the Commission. Louisa County is contending that the Commission's use of the local assessment ratio as determined by the Department of Taxation produces an assessment that is constitutionally flawed. While it is true that Louisa County's complaint involves a determination made by the Department of Taxation (the local assessment ratio), nevertheless the challenge is to assessments made by the Commission after the application of the ratio.

The County suggests that requiring it to apply to the Commission "is an invitation to error" by suggesting that the Commission is powerless to rule on a challenge to its use of local assessment ratio relying on *R.F. & P. v. Commission*, 219 Va. 301 (1978). However, *R.F. & P.* does not support the County's argument. The constitutionality of using a local assessment ratio was not at issue in *R.F. & P.* The issue there was the validity of the Commission's use of an "additive factor" which it applied as a result of the enactment of the original legislation at issue here.

The County also suggests that it would be futile to go to the Commission because it cannot rule on the constitutionality of § 58.1–2604(A). The Supreme Court has previously approved instances where the Commission, acting in its judicial capacity, has reviewed the constitutionality of statutes that it is required to enforce or apply. *Blue Cross/Blue Shield v. Commonwealth*, 218 Va. 589, 595 (1977); *Commonwealth v. Atlantic Coast Line Railroad Co.*, 106 Va. 61 (1906).

In addition to challenging the constitutionality of § 58.1–2604(A), the County contends that the local assessment ratio applicable to Louisa County as determined by the Department is "invalid and contrary to the law of the Commonwealth." The County's position regarding what laws of the Commonwealth were violated by the Department of Taxation's calculation of the local assessment ratio for Louisa County is not clear. Presumably, the County contends that the actions by the Department in calculating its local assessment ratio result in assessments made by the Commission that violate the

constitutional requirement that assessments of real estate be at fair market value.

While the County argues that its primary objection is to the manner in which the Department calculated the local assessment ratio for Louisa County, the County is affected only when the ratio is applied by the Commission to arrive at assessed values for public service corporation property located in Louisa County. While the County suggests that the State Corporation Commission does not have the power to review the Department's calculation of the local assessment ratio for Louisa County, the Commission does have the power to review and examine its assessments which necessarily would include an examination of the local assessment ratio. Such reviews are permitted under § 58.1–2602. In addition, as stated earlier, the County has the authority to formally petition the Commission under § 58.1–2670. The Court does not accept the County's argument that the Commission would not have the power to review the local assessment ratio it applies to arrive at the assessed value of public service corporation property whether such review be under § 58.1–2602 or § 58.1–2670.

Accordingly, the Court concludes that the County must proceed in the State Corporation Commission to review its determination of the value of property owned by public service corporations located in Louisa County. The fact that the focus of the County's complaint is the use by the Commission of the local assessment ratio as determined by the Department of Taxation does not change the fact that the relief sought by the County requires a review or correction of the assessments made by the Commission.

As to the Department's two other arguments, this Court, assuming it had jurisdiction to entertain this action, would not transfer venue under § 58.1–2670. That section provides that governmental entities aggrieved by any assessment made by the Department of Taxation should be brought in the Circuit Court for the City of Richmond, Division I. Here, the County is not challenging an assessment made by the Department of Taxation. It is challenging an assessment made by the State Corporation Commission.

Finally, the Court does not accept the Department's argument that the doctrine of sovereign immunity would bar this type of action, assuming again this Court had jurisdiction.

For these reasons, the demurrer and special plea in bar of the defendants are granted.