Christian, J.,
delivered the opinion of the court.
The coui't is of opinion, that the important and interesting question so earnestly and ably argued by the *766 counsel lor llie petitioner and the attorney-general, to-wit: whether under the act of the general assembly known as the “funding act” a party who has incurred a pena^ty by way of fine for a violation of the criminal ^aws °*' ^ie state, can discharge such liability by paying-such fine in “ coupons,” does nut arise in the case before us.
This court is always willing and ready to decide to the best of its ability all questions, however important or difficult, or however they may affect public or private interests, which are properly brought before it, no matter how great or fai’-reaching may he the responsibilities it must assume in such decision. But the court is not willing, nor is it any part of its judicial functions, to decide questions outside of the case before it, and thus constitute itself a moot court to determine abstract questions.
The petition in this case calls upon the court to exercise its extraordinary jurisdiction, by way of mandamus, to compel the auditor of public accounts to receive from the sergeant of the city of Richmond a certain amount which one Mayo paid over to said sergeant in “ coupons ” for a fine imposed upon said Mayo for a criminal offence.
Row, the first question which meets us upon the very threshold of our investigation is necessarily this: Does the law make it the duty of the auditor of public Recounts to receive from the sergeant of the city of Richmond all fines collected by him ? If it clearly does, then this court may compel him to perform that duty by its mandamus. If not, the writ will be withheld.
Row, there are certain well-defined legal principles which govern all cases of mandamus, and upon which the case as made by the record must be .decided. These may be succinctly stated as follows:
1. The writ of mandamus, known in England as a high prerogative writ, is justly regarded in this country as one of the highest writs known to our system of jurispru *767 dence; and it only issues when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy. The right which it is sought to protect must therefore be clearly established, and the writ is never granted in doubtful cases.
2. An important feature of the writ of mandamus, and one which distinguishes it from other remedial writs is, that it is used merely to compel action and order the performance of a pi’e-existing duty. In no ease does it have the effect of creating any new authority or of conferring power which did not previously exist; its proper function being to set in motion and compel action with reference to previously existing and clearly defined duties. It is therefore in no sense a creative remedy, and is only used to compel persons to act where it is their plain duty to act without its agency.
3. It may be stated generally that where the law enjoins upon a public officer the performance of a specific act or duty, obedience to the law may, in the absence of other adequate remedy, be enforced by mandamus. It will not, however, lie to compel an. officer to perform an act which, without the mandate of the court, would be unlawful for him to perform. And to warrant the court in granting the writ against a public officer, such a state of facts must be presented as to show that the relator has a clear right to the performance of the thing demanded, and that a corresponding duty rests upon the officer to perform that particular thing. See High’s Legal Remedies, sections 7, 9. 32, and cases there cited.
Hpon these well settled principles this court can only issue its writ of mandamus to a public officer to compel him to perform a duty which the law unquestionably imposes on such officer. And the very first and con- *768 elusive inquiry we must make is this: Is the auditor of public accounts the officer whose duty it is to receive fines collected by the sergeant of the city of Richmond? or, in other words, to whom, under the statute laws of this state, must the sergeant of the city of Richmond pay over the fines collected by him—to the auditor of public accounts, or to the city treasurer ? This is the question first to he solved, and this question must be’ determined without reference to the interesting question so earnestly and elaborately argued at the bar, as to whether a fine imposed for a violation of law can be discharged in “coupons.” For if it be made to appear that the city treasurer, and not the auditor of public accouiits, is the officer designated by law to receive fines collected by the city sergeant, then it is plain that this court cannot issue its writ of mandamus to compel the auditor of public accounts to perform a duty which belongs to another officer and not to him. After a careful examination of the statutes on this subject, we are constrained to hold that the city treasurer, and not the auditor of public accounts, is the proper officer to whom all fines collected by the sergeant of the city of Richmond should be paid. We deem it only necessary to refer to those statutes fixing the duties of county and city treasurers,- and those fixing the duties and liabilities of city sergeants generally, including those of the city sergeant of Richmond. In . section 26, chapter 46, Code of 1873, is the following provision: “ The county treasurer shall receive from the sheriff of his county all fines collected by him and account for the same in his annual settlement with the auditor of public accounts.”
On the 29th of March, 1875, an act was passed and approved, entitled “ an act prescribing the duties, powers, liabilities, and compensation of certain county officers, *769 providing for the collection of taxes, and lor the repeal of chapters 87 and 46 of the Code of 1873.”
In this act repealing chapter 46, Code of 1873, the •above provision, requiring the county treasurer to receive from the sheriff all fines collected by him, was retained and re-enacted. See Sess. Acts 1874-76, ch. 269, § 19, p. 346.
In ch. 64, § 13, Code 1873, p. 624, is found the following-provision respecting city and town treasurers: “ As to the collection and payment of the state revenue in such city or town, their duties, liabilities, and compensation shall be the same as are or may hereafter be defined by law for county treasurers, except so far as may be inconsistent with this act.” Now, tliese sections place the city treasurers ou the same footing with respect to their duties and liabilities as the county treasurers. One of these duties is to receive and collect all fines.
Let us now inquire what duties are imposed on the sergeants of the cities in respect to fines collected by them. The general provision above quoted requires the sheriffs of the counties to pay over to the county treasurers all fines collected by them. And the 7th section of chapter 49, Code of 1873, fixing the duties, liabilities, &c., of sergeants, provides that “they shall account for and pay over to the city treasurer all taxes or other moneys received by them proper, to be paid to said treasurer in the same manner as is or may hereafter he required of the collector of townships to account for and pay over to the county treasurer.” And the same section further provides that “ the sergeant shall, within the jurisdiction of his corporation, exercise the same powers, perform the same duties, and lie subject to penalties touching all process issued by the court of such corporation, or by the clerk of such court, or otherwise lawfully *770 directed to Mm, that, the sheriff- of a county exercises, performs, and is subject to in his county.”
This is the general law with respect to sergeants of all the cities and towns. In the city of Richmond the sheriff, and not the sergeant, was charged with tire collection of state taxes up to March 22d, 1871. Acts-1870-71, p. 253. But as to the duties and liabilities of the sergeant of the city of Richmond, both the general law found in the Code and the charter of the city of Richmond has the following provision: “The said sergeant shall attend the terms of the court of hustings and act as the officer thereof. He shall in all respects (except as to the collection of taxes) hace the same powers and authority, and shall perform the same duties, and be subject to the same liabilities and penalties, and be proceeded against in the same manner as sheriffs.”
Row, it is plain that by these enactments the duties and liabilities of city and town treasurers, being the same as county treasurers, and the duties and liabilities of city and town sergeants (with the single exception of the collection of taxes in the city of Richmond) being the same as those of sheriffs, it was the duty of the city sergeant to pay, and the city treasurer to receive all fines collected by the former. It follows, therefore, that this court cannot issue a mandamus against the auditor of public accounts to compel him to discharge a duty which the law does not impose upon him, but upon another officer, to-wit: the city treasurer.
Without, therefore, intimating any opinion at this time, (because the question does not arise in this case), whether a party may discharge a fine by the payment of “ coupons,” we must discharge the rule against the auditor of public accounts, because he is not the public officer upon whom the law imposes the duty of receiving fines due the commonwealth from the city sergeant. See Parker, *771 register, v. Anderson, 2 Pat. & Heath, 38. It is proper to remark, however, in justice to the learned counsel for the sergeant of the city of Richmond, that there was such an apparent confusion and conflict in the various statutes as found in the Code of 1873 as required judicial construction. It grew out of the fact that there were certain provisions of the Code of 1860 incorporated in the Code of 1873, which were enacted before there were such officers as city and county treasurers known to our laws and constitution. These provisions required the clerks of courts to report a list to the auditor of public accounts of all fines collected, those by the clerk paid into court, and those for which execution had issued, and which contained the following provisions, found in section 20, chapter 43, Code of 1860, and same in section 20, chapter 41, Code of 1873: “Upon the receipt of the list aforesaid (that is, the list of fines returned by the clerk), the auditor of public accounts shall’charge the fines therein mentioned as follows: He shall debit the clerk with all which shall have been paid into court, and shall debit the sheriff or other officer with all which he has received, and also with.the amount of any for which an execution shall have been returnable, &c.”
Prom this and other provisions following in that chapter, it might well be doubted, in the absence of a critical examination of the other acts heretofore referred to, whether the sheriff is not to account directly to the auditor. But it is plain, upon a proper construction of the acts passed since the adoption of .the present constition, when the offices of county' and city treasurers were created, it is the duty of the sheriff's and sergeants now to pay fines, not to the auditor of public accounts, but to the county and city treasurers. In the system of accounting adopted by the legislature since the creation of the offices of treasurers (county and city), it is mani *772 fest that it was intended, and would be most convenient, to have the accounting done between the auditor and the treasurer, instead of between the auditor and both sheriff' or sergeant and the treasurer. Nor is there any such conflict between the provisions of the Code of 1860, above referred to, and the more recent enactments respecting county treasurers. The provision is, that the auditor shall debit the sheriff, or other officer, with the fines received by him. The auditor has now but to debit the treasurer of the county or city with the fines received, instead of the sheriff or sergeant. The clerks must still report to the auditor the list of fines; and he must debit the clerk with such as he has received, and the treasurer of the county, city or town with what he has received, instead of debiting the sheriff under the old law. These acts may therefore' both well stand together, notwithstanding an apparent conflict.
The learned counsel for the petitioner, perhaps anticipating this judicial construction, has, upon the eve of the close of the present term, filed in this cause a new petition asking for a mandamus to compel the city treasurer to receive the coupons which he received from Mayo in payment of the fine imposed upon him. We can only decide one case at a time. At the next term of the court we will consider the case as it may be made then upon the record.
Whatever questions may be properly raised in the new case will be deliberately and carefully considered and firmly determined.
As to the case now before us, we are constrained to say no case is made for the issuance of a mandamus against the auditor of public accounts, and the rule against the auditor must be discharged.
Mandamus refused.