## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

HENRY E. HOWELL, JR. v. THE HONORABLE RALPH T. CATTERALL, COMMISSIONER, THE HONORABLE JESSE W. DILLON, COMMISSIONER, AND THE HONORABLE H. LESTER HOOKER, COMMISSIONER.

January 14, 1972.

Record No. 7923.

Present, Snead, C.J., Carrico, Gordon, Cochran and Harman, JJ.

*Henry E. Howell, Jr.; John T. Schell; Howell, Anninos & Daugherty*, on brief, for petitioner.

*A. Grey Staples, Jr.; Richard D. Rogers, Jr.*, on brief for respondents.

*George D. Gibson; John W. Riely; Evans B. Brasfield; Guy T. Tripp, III; Hunton, Williams, Gay and Gibson*, on brief, for Virginia Electric and Power Company, *amicus curiae*.

Per Curiam.

On August 24, 1971, the State Corporation Commission ordered that an application of Virginia Electric and Power Company ("Vepco") for permission to increase its rates be set for hearing on March 6, 1972. On December 8, 1971, Henry E. Howell, Jr., the incumbent Lieutenant Governor of Virginia, who had become a party to the rate case by intervention as provided by the Commission's rules, moved the Commission to postpone the hearing until at least thirty days after adjournment of the 1972 session of the General Assembly of Virginia.

Howell based his motion on Code § 30-5, which provides:

"Any party to an action or proceeding in any court, including the Supreme Court of Appeals of Virginia, commission or other tribunal having judicial or quasi judicial powers or jurisdiction, who is an officer, employee or member of the General Assembly shall be entitled to a continuance as a matter of right during the period beginning thirty days prior to the commencement of [a] session [of the General Assembly] and ending thirty days after the adjournment thereof. . .".[1]

By an order entered December 10, 1971, the Commission denied Howell's motion for continuance, holding Code § 30-5 inapplicable because the Commission exercises "purely legislative powers" in prescribing utility rates.

On December 17, 1971, Howell instituted this proceeding by filing a petition for a writ of mandamus to require the defendant Corporation Commissioners to reset the hearing of Vepco's rate case on a day not sooner than thirty days after the adjournment of the 1972 session of the General Assembly.[2]

The defendant Commissioners and Vepco, as amicus curiae, have filed briefs in support of the Commission's denial of Howell's motion for a continuance. They assert that Code § 30-5 is inapplicable be-

---

[1] "§ 30-5. Any party to an action or proceeding in any court, including the Supreme Court of Appeals of Virginia, commission or other tribunal having judicial or quasi judicial powers or jurisdiction, who is an officer, employee or member of the General Assembly, or employee of the Division of Statutory Research and Drafting, or who has, prior to or during the session of the General Assembly, employed or retained to represent him in such action or proceeding an attorney who is an officer, employee or member of the General Assembly, or employee of the Division of Statutory Research and Drafting, shall be entitled to a continuance as a matter of right during the period beginning thirty days prior to the commencement of the session and ending thirty days after the adjournment thereof; and the period required by any statute or rule for the filing of any pleading or the performance of any act relating thereto shall be extended until thirty days after any such session. The failure of any court, commission or other tribunal to allow such continuance when requested so to do or the returning of such filing or act during the period hereinabove specified shall constitute reversible error; provided that this section shall not prevent the granting of temporary injunctive relief, or the dissolution or extension of a temporary injunction, but the right to such relief shall remain in the sound discretion of the court or other such tribunal."

[2] A regular session of the General Assembly convened January 12, 1972. Regular sessions may continue for not more than sixty days in even-numbered years and not more than thirty days in odd-numbered years. Constitution of Virginia, Art. IV, § 6. They are seldom adjourned before the last day permitted by the Constitution.

cause the Commission acts in a legislative capacity in hearing and deciding a utility rate case. Nevertheless, they concede our jurisdiction to issue a writ of mandamus if Code § 30-5 is in fact applicable.

The Commission has misconstrued Code § 30-5. The statute applies to proceedings before a commission that has "judicial or quasi judicial powers or jurisdiction". Since the State Corporation Commission has such powers and jurisdiction, proceedings before that Commission are covered by the statute.

The statute does not cover proceedings before commissions that have no judicial or quasi judicial power or jurisdiction—for example, the State Highway Commission. But the statute exempts no proceeding before a commission covered by the statute. The State Corporation Commission being covered, the statute applies to its proceedings whether the Commission is exercising a judicial or quasi judicial function or a legislative function. Since Howell is an officer of the Senate and a party to the Vepco rate case pending before the Commission, he is entitled to the continuance he seeks.

We have full sympathy with the Commission's desire to control its docket. And we recognize a point made by Vepco, that Code § 30-5 (as we interpret it) potentially frustrates the Commission's power to exercise its function of prescribing utility rates during seven months of each biennium.[3] The result may be, as Vepco's counsel suggest, jeopardy to Vepco's financial integrity and, consequently, to Vepco's continued ability to render effective public service to its customers.

Nevertheless, the power of the General Assembly to enact Code § 30-5 is unchallenged. So relief, if it comes at all, must come from the General Assembly, not by judicial legislation.

*Writ awarded.*

---

[3] See n. 2 supra.