# Atlas Underwriters, Ltd., et al.

## v.

# State Corporation Commission, et al.

Record No. 870077

January 13, 1989

Present: Carrico, C.J., Poff,* Compton, Stephenson, Russell, Thomas, and Whiting, JJ.

---

* Justice Poff prepared and the Court adopted the opinion in this case prior to the effective date of his retirement on December 31, 1988.

*(George B. Little; L. B. Cann, III; Teresa S. Hanger; Little, Parsley & Cluverius, P.C.*, on brief), for appellants. Appellants submitting on brief.

*William G. Broaddus (Lewis S. Minter; Stewart E. Farrar; McGuire, Woods, Battle & Boothe*, on brief), for appellees.

POFF, J., delivered the opinion of the Court.

Invoking the jurisdiction conferred upon the Circuit Court for the City of Richmond by Code § 2.1-346, Atlas Underwriters, Ltd. (Atlas) filed a petition for a writ of mandamus against the State Corporation Commission (the SCC). The SCC had refused Atlas' demand for access to certain internal SCC documents, and Atlas sought to compel the SCC "to comply immediately" with the record-disclosure provisions of the Virginia Freedom of Information Act (the VFOIA). The SCC filed a plea alleging that "this Court is without jurisdiction to review, reverse, correct or annul 'any action' of [the SCC]."

The trial court ruled that Code § 2.1-346 "is not constitutional as applied to the [SCC] because of the jurisdictional limitations of Article IX, Section 4 of the Virginia Constitution" and that Atlas' petition "must, therefore, be dismissed for lack of jurisdiction." In

a single assignment of error, Atlas challenges that ruling. We reject the challenge.*

Atlas argues that the only exclusive jurisdiction over the SCC vested in the Supreme Court by Article IX, § 4, is appellate jurisdiction; that such jurisdiction is limited to appeals from juridical actions of the SCC; and that the General Assembly, in the exercise of its constitutional power "to determine the original and appellate jurisdiction of the courts of the Commonwealth", Va. Const. art. VI, § 1, has enacted Code § 17-123 conferring mandamus jurisdiction upon all circuit courts to compel the performance of ministerial duties. Atlas concludes that the record-disclosure requirements of the VFOIA are such duties and, consequently, that the General Assembly has the power to vest a particular circuit court with mandamus jurisdiction, concurrent with that of the Supreme Court, to compel the SCC to perform those duties.

 Code § 17-123 provides that "circuit courts shall have jurisdiction . . . to issue writs of mandamus . . . to all inferior tribunals created or existing under the laws of this Commonwealth". The SCC is a tribunal. *Howell* v. *Catterall*, 212 Va. 525, 186 S.E.2d 28 (1972). Its subject matter jurisdiction extends to issues of statewide concern. Clearly, it is a tribunal of a stature and dignity equal to that of a circuit court, *see* Va. Const. art. IX, § 3, and we hold that the circuit courts of the Commonwealth derive no jurisdiction from Code § 17-123 to issue writs of mandamus to the SCC.

 Code § 2.1-346 purports to confer such jurisdiction upon a particular circuit court. In pertinent part, that section provides:

> Any person . . . denied the rights and privileges conferred by [VFOIA] may proceed to enforce such rights and privileges by petition for mandamus or injunction . . . . Any such petition alleging such denial by a board, bureau, commission, authority, district or agency of the state government . . . shall be addressed to the Circuit Court of the City of Richmond.

Atlas construes the word "commission" to include the SCC. Accepting that construction, but only for purposes of this opinion, we

---

* Because we uphold the trial court's jurisdictional ruling, we do not consider the court's ruling on the question whether the SCC is exempt from coverage of the VFOIA.

must determine whether, as the trial court ruled, the statute offends Article IX, § 4, of the Virginia Constitution. Section 4 provides as follows:

> The Commonwealth, any party in interest, or any party aggrieved by any final finding, order, or judgment of the [State Corporation] Commission shall have, of right, an appeal to the Supreme Court. The method of taking and prosecuting an appeal from any action of the Commission shall be prescribed by law or by the rules of the Supreme Court. All appeals from the Commission shall be to the Supreme Court only.
>
> No other court of the Commonwealth shall have jurisdiction to review, reverse, correct, or annul any action of the Commission or to enjoin or restrain it in the performance of its official duties, provided, however, that the writs of mandamus and prohibition shall lie from the Supreme Court to the Commission.

Because Section 4 provides that "[a]ll appeals from the Commission shall be to the Supreme Court only," Atlas agrees that this Court has exclusive jurisdiction to hear appeals from the SCC. Atlas believes, however, that the word "appeal" must be construed solely as an appellate challenge to a juridical action of the SCC and that this Court's jurisdiction is exclusive only with respect to such a challenge.

In cases arising since the ratification of the Constitution of 1971, we have recognized repeatedly that the word "appeal" as used in Article IX, § 4, is not restricted to challenges to the judicial decisions of the SCC. Rather, it includes attacks on the actions of the SCC in the discharge of its legislative duties and in the performance of its executive functions. *See, e.g., Commonwealth Gas Services* v. *Reynolds Metals*, 236 Va. 362, 374 S.E.2d 35 (1988) (rate making); *City of Alexandria* v. *RF&P*, 223 Va. 293, 288 S.E.2d 457 (1982) (tax assessments). Moreover, as Atlas acknowledges, the word "appeal" as used in Article IX, § 4, has the same meaning it had in Section 156(d) of the Constitution of 1902. Our opinions in cases that arose during the tenure of the 1902 Constitution show that the word "appeal" did not have the narrow import Atlas urges. "An appeal may be given either in a ministerial proceeding, or where the action is judicial." *Jones* v.

*Rhea*, 130 Va. 345, 366, 107 S.E. 814, 821 (1921) (appellate challenge to SCC approval of merger of social clubs); *see also* *Jeffries* v. *Commonwealth*, 121 Va. 425, 93 S.E. 701 (1917) (appeal of SCC refusal to dissolve public service corporation).

■ We conclude that the framers of Article IX, § 4, intended that the Supreme Court have exclusive jurisdiction over all challenges to all actions of the SCC, both judgmental and ministerial. The second paragraph of Section 4 reinforces our conclusion. That paragraph expressly provides that no other court shall have jurisdiction to reverse "any action of the Commission or to enjoin or restrain it in the performance of its official duties". The issuance of a writ of mandamus directing the SCC, in effect, to reverse its "action" in refusing Atlas' demand for access to official records is equivalent to the entry of an injunction restraining the SCC "in the performance of its official duties".

■ Finally, the last clause of the second paragraph of Section 4 provides that "the writs of mandamus and prohibition shall lie from the Supreme Court to the Commission." The negative inference raised by the reference to the Supreme Court alone is that all other courts are excluded from the grant of mandamus and prohibition jurisdiction over actions of the SCC.

■ We hold, therefore, that insofar as Code § 2.1-346 may be construed to apply to the SCC, it offends Article IX, § 4, of the Virginia Constitution. Accordingly, we will affirm the judgment dismissing Atlas' petition for lack of jurisdiction.

*Affirmed.*