## CIRCUIT COURT OF THE CITY OF RICHMOND

Evelyn B. Harris

v.

Virginia State
Corporation Commission

July 17, 1989

Case No. N-7677-1

By JUDGE MELVIN R. HUGHES, JR.

This case presents the question of whether the plaintiff can have the court issue a writ of mandamus to the State Corporation Commission requiring it to provide an employment grievance procedure. For purposes of deciding the issue on demurrer, the following facts are taken as given.

On February 3, 1989, plaintiff, Evelyn B. Harris, was notified by the State Corporation Commission ("SCC") that she was being terminated as an employee. Plaintiff filed a grievance with the SCC under Virginia Code Section 2.1-114.5:1, which provides the procedure for state employee grievances. The SCC denied her grievance claiming it was not subject to Section 2.1-114.5:1.

Plaintiff then petitioned this court for a writ of mandamus requiring the SCC to provide an employment grievance. She argues that any jurisdictional limitation would not apply to the denial of a grievance procedure, a ministerial function. The SCC, on the other hand, contends that the circuit court is without jurisdiction.

I have read *Atlas Underwriters Ltd., et al. v. State Corporation Commission, et al.*, 237 Va. 45, 375 S.E.2d 733 (1989), the case the defendant cites as authority for its position and plaintiff distinguishes in support of her position.

I believe the jurisdictional limitation applied to actions of the State Corporation Commission imposed by Article IX, Section 4, of the Virginia Constitution is not limited to only regulatory actions. In this connection, I direct your attention to what the Supreme Court stated in *Atlas*.

> We conclude that the framers of Article IX, Section 4, intended that the Supreme Court have exclusive jurisdiction over all challenges to all actions of the SCC, both judgmental and ministerial. The second paragraph of Section 4 reinforces our conclusion. That paragraph expressly provides that no other court shall have jurisdiction to reverse "any action of the Commission or to enjoin or restrain it in the performance of its official duties". The issuance of a writ of mandamus directing the SCC, in effect, to reverse its "action" in refusing Atlas' demand for access to official records is equivalent to the entry of an injunction restraining the SCC "in the performance of its official duties."
> Finally, the last clause of the second paragraph of Section 4 provides that "the writs of mandamus and prohibition shall lie from the Supreme Court to the Commission." The negative inference raised by the reference to the Supreme Court alone is that all other courts are excluded from the grant of mandamus and prohibition jurisdiction over actions of the SCC. 375 S.E.2d at 735.

Further, I think Circuit Court is without jurisdiction to issue a writ of mandamus to the State Corporation Commission, because of what the Court further stated in *Atlas*.

Code Section 17-123 provides that "circuit court shall have jurisdiction . . . . to issue writs of mandamus . . . . to all inferior tribunals created or existing under the laws of this Commonwealth." The SCC is a tribunal. *Hopewell v. Catterall*, 212 Va. 525, 186 S.E.2d 28 (1972). Its subject matter jurisdiction extends to issues of state-wide concern. Clearly, it is a tribunal of a stature and

dignity equal to that of a circuit court, *see* Va. Const. Art. IX, Section 3, and we hold that the circuit courts of the Commonwealth derive no jurisdiction from Code Section 17-123 to issue writs of mandamus to the SCC. *Id.* at 734.

Accordingly, the demurrer and motion to dismiss are sustained.