# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Centurion Health and
Welfare Benefit Plan,
Michael F. Gelardi,
Robert W. Mathieson,
Virginia Beach Police
Benevolent Association

v.

Commonwealth of Virginia,
ex rel. Bureau of Insurance,
State Corporation Commission

April 16, 1996

Case No. CH95-3574

BY JUDGE JOHN K. MOORE

This matter comes before the Court on Centurion Health and Welfare Benefit Plan's ("Centurion") Motion for Declaratory Judgment. The State Corporation Commission, ("SCC") has filed its Demurrer alleging that the Circuit Court of Virginia Beach does not have jurisdiction to award Centurion a declaratory judgment in this matter and that Centurion is collaterally estopped from seeking such a judgment. The Court heard oral argument on March 5, 1996, and has conducted a thorough review of the case law and briefs submitted by counsel.

This litigation arises from a plan which appeared to be providing health benefits in the Commonwealth of Virginia without being properly registered with the SCC. A health benefits plan must satisfy state regulation by either registering with the SCC as a fully insured Multiple Employer Welfare Arrangement (MEWA) or obtaining a license as an insurance company, health services plan, or health maintenance organization. A plan may be exempt from

regulation if it is maintained under or pursuant to a collectively bargained agreement.

The SCC entered a Consent Order in an effort to allow Centurion sufficient opportunity to obtain an opinion from the Department of Labor as to whether Centurion is maintained under or pursuant to one or more collective bargaining agreements and thereby exempt from state regulation. Centurion was unable to obtain an opinion from the Department of Labor. (Demurrer, Exh. 3.) Several lawsuits ensued in Federal District Court in which Centurion sought to force the Department of Labor to issue an opinion as to the exemption or to have the Court make a determination that the benefit plan was collectively bargained. The first case, *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906 (E.D. Va. 1994), was dismissed because the proper parties were not before the court. The second case, styled as *Virginia Beach Policeman's Benevolent Ass'n v. Reich*, 881 F. Supp. 1059 (E.D. Va. 1995), incorporated the proper parties; the court held it lacked jurisdiction to make a finding as to whether the plan was maintained pursuant to a collectively bargained agreement and that a determination with respect to exemption could only be made by the Secretary of Labor. *Id.* at 1070. The court further held it had no authority to compel the Secretary of Labor to perform a discretionary act. *Id.* at 1074. A third action was subsequently filed by Centurion seeking a declaratory judgment that the plan was exempt from regulation by other states on the basis that it was collectively bargained. *See Gelardi v. Karpinski*, Civil Action No. 2:95cv244 (E.D. Va. Apr. 24, 1995). This action was also dismissed, the court ruling Centurion was collaterally estopped since the issue had been fully and fairly litigated in *Virginia Beach Policeman's Benevolent Ass'n. Id.*

On April 26, 1995, the Commissioner of Insurance informed Centurion that it would remain subject to state regulation until the Secretary of Labor made a finding that the agreement was collectively bargained. (Demurrer, Exh. 6.) Centurion then filed a motion for removal of the restrictions contained in the Consent Order, relying on a finding that Centurion is maintained under or pursuant to one or more collective bargaining agreements, which it alleged had been made in *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 909 (E.D. Va. 1994). Following argument, the Commission entered an order denying Centurion's Motion on the grounds no such ruling had been made. The order further provided that the Consent Order would remain in effect until further order of the Commission.

The SCC argues that this court has no jurisdiction to award Centurion a declaratory judgment. The primary basis for this contention rests on the fact that the SCC is named as a party defendant. The SCC contends the Consent

Order contemplated that an action would be brought against the Secretary of Labor and not against the Commission itself. The SCC recognizes that an action could also have been brought against the employer in an effort to satisfy the terms of the Consent Order (Trans. at 29-30); however, it deems an action against the Commission to be inappropriate. Additional support for this court's lack of jurisdiction is vested in the Constitutional prohibition of the review of SCC actions.

Centurion argues that a declaratory judgment by this court is precisely what the Consent Order anticipated. The Consent Order specifies that Centurion may obtain an advisory opinion from the Department of Labor or a determination by a court of competent jurisdiction that the Centurion plan is maintained under or pursuant to a collective bargaining agreement. Centurion's argument is based entirely on the authority it purports the Consent Order grants to this court. Centurion states the jurisdiction by this court is that which was contemplated by the Commission. Centurion in this way is attempting to create jurisdiction through its interpretation of the phrase "court of competent jurisdiction," where in fact no jurisdiction exists.

This court is of the opinion that it is without jurisdiction to award Centurion a declaratory judgment. The Virginia Supreme Court has sole jurisdiction to reverse "any action of the Commission or to enjoin or restrain it in the performance of its duties." *Atlas Underwriters, Ltd. v. State Corp. Comm'n*, 237 Va. 45 (1989). *See also, City of Alexandria v. Richmond, F. & P. RR.*, 223 Va. 293 (1982). "Where a challenge requires review leading to reversal, correction or annulment of a Commission action, a circuit court has no jurisdiction." *Little Bay Corp. v. Virginia Elec. & Power*, 216 Va. 406 (1975). The Virginia Constitution prohibits review of Commission actions by a Circuit Court. (Article IX, § 4.) The SCC is considered to be equal in dignity and power to a Circuit Court. *Atlas Underwriters, Ltd.*, 237 Va. at 47. This court therefore has no power to make a factual determination for and in place of the Commission. Where the Commission fails or refuses to make a finding as to the status of the Centurion plan as a MEWA, this court would offend the letter and spirit of the Constitution by making a determination in lieu of the Commission. Any factual finding or decision should be made by the Commission.

Furthermore, the Federal Court held in *Virginia Beach Policeman's Benevolent Ass'n* that absent an opinion from the Secretary of Labor that the plan was exempt, the Centurion plan was subject to state regulation. Following that decision, the SCC informed Centurion it would remain subject to state regulation until an opinion had been issued by the Secretary of Labor. The SCC also provided several alternatives to Centurion as to how it could

proceed. Centurion was informed it could (1) defer further action pending an appeal in Federal Court; (2) show the plan was fully insured and registered as a MEWA; (3) obtain a license as a health services plan insurer or health maintenance organization; or (4) voluntarily cease operation in Virginia. (Demurrer, Exh. 6.) The Commission "took action" with respect to the Centurion plan by providing these alternatives. This court is therefore prohibited from rendering an opinion as to the status of the plan since such an opinion would have the effect of reversing or annulling an action of the Commission by providing an additional alternative to Centurion.

The SCC argues, in the alternative, that the demurrer should be sustained on the ground that Centurion is collaterally estopped from relitigating the issue of whether it is exempt from state regulation. Centurion maintains it has never suffered an adverse ruling with respect to this issue, and therefore collateral estoppel does not apply. In *Virginia Beach Policeman's Benevolent Ass'n v. Reich*, 881 F. Supp. 1059 (E.D. Va. 1995), the U.S. District Court found Congress intended to promote state regulation of MEWAs. As previously stated, the court also held that exemption from state regulation is only possible if the Secretary of Labor chooses to make a finding that a plan is exempt and that the court itself had no authority to make such a determination. *Id.*, at 1070. Centurion has previously been estopped from relitigation of this issue. *See, Gelardi v. Karpinski*, Civil Action No. 2:95cv244 (E.D. Va. Apr. 24, 1995). In *Gelardi*, the court held that the ERISA issue was litigated fully and fairly in *Virginia Beach Policeman's Benevolent Ass'n*. The court held it did not have the power to make a ruling that the Plaintiffs were exempt from state regulation.

Centurion argues that this court should follow the procedure set forth by Virginia courts with respect to the finality of a decision triggering collateral estoppel. Virginia recognizes a decision as final only when all appeals have been exhausted, and a party may not be collaterally estopped from relitigation of the issue prior to that time. Pursuant to the procedure of the Federal Court System, however, a party is collaterally estopped from relitigation of an issue once a final decision has been rendered, regardless of whether the issue goes up on appeal. Virginia law offers no precedents as to which procedure should be followed when a Virginia court is relying on a Federal court decision for purposes of collateral estoppel. This court must therefore place reliance on general rules of comity and follow the procedure of the Federal courts; thus, just as Centurion was collaterally estopped from obtaining relief before the *Gelardi* court, it is now estopped from seeking identical relief in this court.

Based on the foregoing, the Demurrer of the State Corporation Commission, Bureau of Insurance, should be granted on the grounds that this

24

court lacks jurisdiction to issue a declaratory judgment and that Centurion is collaterally estopped from seeking a declaratory judgment. Mr. Thomas is asked to submit a properly endorsed order reflecting the above ruling and dismissing this action.