Present:  All the Justices

RAYMOND D. CARTWRIGHT

v.  Record No. 042240

OPINION BY
JUSTICE LAWRENCE L. KOONTZ, JR.
June 9, 2005

COMMONWEALTH TRANSPORTATION
 COMMISSIONER OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
E. Preston Grissom, Judge


In this appeal, the issue we consider is whether the circuit court erred in denying a petition for writ of mandamus brought pursuant to Code § 2.2-3713 on the ground that the petitioner had an adequate remedy at law and, thus, mandamus would not lie.

BACKGROUND

The pertinent facts are not disputed.  On January 19, 2004, Raymond D. Cartwright, a citizen of this Commonwealth, made a request to the Virginia Department of Transportation (VDOT) under The Virginia Freedom of Information Act (FOIA), Code §§ 2.2-3700 through 2.2-3714, seeking a photocopy of the "sales brochure" compiled by VDOT in connection with VDOT's highway construction project on Route 17 in the City of Chesapeake. Cartwright was a joint owner of property located on Route 17 that VDOT had determined was needed to complete the project.  A sales brochure, as used in this context, is a document prepared by VDOT for the purpose of preparing appraisals and offers for

property that is subject to condemnation for public use. VDOT denied the request, expressly contending that the sales brochure was exempt from disclosure under the FOIA by Code § 2.2-3705(8), permitting a public body to withhold "[l]egal memoranda and other work product compiled specifically for use in litigation," and Code § 2.2-3705(35), permitting a public body to withhold "[a]ppraisals and cost estimates of real property subject to a proposed purchase, sale or lease, prior to the completion of such purchase, sale or lease."[1]

At the time Cartwright filed the FOIA request, he was a party to a pending condemnation proceeding regarding his property on Route 17, which VDOT had initiated in the Circuit Court of the City of Chesapeake. Cartwright had requested the same document from VDOT through discovery served on August 26, 2003. Although VDOT had not produced the document in response to the discovery request, Cartwright had not sought to compel compliance with his request at that time.

On January 30, 2004, Cartwright filed a petition for writ of mandamus in the same circuit court pursuant to Code § 2.2-3713 seeking an order directing the Commonwealth Transportation

---

[1] Code § 2.2-3705 was repealed in 2004. Acts 2004, c. 690. The exclusions relied upon by VDOT now appear at Code § 2.2-3705.1(3) (legal memoranda) and Code § 2.2-3705.1(8) (appraisals and cost estimates).

Commissioner[2] to provide a copy of the sales brochure to Cartwright. In addition, Cartwright requested an award of "reasonable costs and attorneys' fees" as permitted by Code § 2.2-3713(D). On March 2, 2004, VDOT filed a demurrer to the petition for writ of mandamus, asserting that the refusal of Cartwright's request "was made in good faith and based upon a plainly correct interpretation of the wording of the statute." VDOT further asserted that mandamus was not appropriate because Cartwright could seek to obtain the same information through a motion to compel discovery in the pending condemnation action and, therefore, he had an adequate remedy at law.

Following a hearing, the circuit court entered a final order dated July 9, 2004, sustaining VDOT's demurrer and denying Cartwright's petition for writ of mandamus. The circuit court found that Cartwright had "an adequate remedy at law. Consequently, mandamus does not lie, under [T]he Virginia Freedom of Information Act." The circuit court expressly withheld making a ruling on whether the sales brochure was exempt from disclosure under the FOIA. We awarded Cartwright this appeal.

_____

[2]The Commonwealth Transportation Commissioner is the chief executive officer of VDOT. Code § 33.1-3. For clarity, we will

3

DISCUSSION

Initially, we note that VDOT has filed a motion to dismiss this appeal, averring therein that on January 31, 2005, VDOT "mailed [Cartwright] a copy of the sales brochure that was the subject of Cartwright's mandamus petition." VDOT contends that the appeal should be dismissed as moot because "there no longer is any dispute whether Cartwright will be furnished a copy of the sales brochure," and because VDOT has offered assurance that it will honor future requests for sales brochures made under the FOIA.

We hold that Cartwright's appeal is not moot. It is true that VDOT provided Cartwright with the requested sales brochure. However, this action does not resolve the issue joined in this appeal, that is, whether a mandamus action brought pursuant to Code § 2.2-3713 is barred by the petitioner having an adequate remedy at law. This is so because, if Cartwright prevails, the issues whether his petition for mandamus should have been granted because VDOT violated the FOIA and, if so, his entitlement to recover his costs and fees would remain to be resolved in the circuit court. Thus, the issue raised by this appeal "is not one in which there is no actual controversy or in

refer to VDOT's actions rather than to those of the Commissioner in his representative capacity.

4

which no relief can be afforded," and, consequently, it is not moot.  RF&P Corp. v. Little, 247 Va. 309, 315, 440 S.E.2d 908, 912 (1994); see also Hankins v. Town of Virginia Beach, 182 Va. 642, 643-44, 29 S.E.2d 831, 832 (1944).

We now turn our consideration to the merits of the issue raised in this appeal.  In doing so, we emphasize that the issue decided by the circuit court and now before us in this appeal is whether a petition for writ of mandamus brought pursuant to Code § 2.2-3713 can be properly denied on the ground that the petitioner has an adequate remedy at law.  The circuit court expressly withheld making any ruling on whether the specific FOIA request in this case was properly denied by VDOT.  Accordingly, that issue is not before us, and we express no opinion regarding it.

Circuit courts have the jurisdiction to issue a writ of mandamus in any case where it is "necessary to prevent the failure of justice and in which mandamus may issue according to the principles of common law."  Code § 17.1-513.  The common law issuance of a writ of mandamus is "an extraordinary remedy employed to compel a public official to perform a purely ministerial duty imposed upon [the official] by law."  Richlands Medical Assoc. v. Commonwealth, 230 Va. 384, 386, 337 S.E.2d 737, 739 (1985).

We have consistently held that "[t]he writ of mandamus . . . only issues when there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy."  Hertz v. Times-World Corp., 259 Va. 599, 608, 528 S.E.2d 458, 463 (2000) (quoting Tyler v. Taylor, 70 Va. (29 Gratt.) 765, 766-67 (1878)); accord Town of Front Royal v. Front Royal and Warren County Indus. Park Corp., 248 Va. 581, 584, 449 S.E.2d 794, 796 (1994); Hall v. Stuart, 198 Va. 315, 323-24, 94 S.E.2d 284, 290 (1956).  We have further noted that to be "adequate," the legal remedy "must be equally as convenient, beneficial, and effective as the proceeding by mandamus." Carolina, C & O Ry. v. Board of Supervisors, 109 Va. 34, 37, 63 S.E. 412, 413 (1909).

In developing this body of law with respect to the extraordinary relief afforded by the issuance of a writ of mandamus, we generally have considered petitions filed under the general jurisdiction of the circuit courts.  However, prior to this case we have not considered whether a petition for writ of mandamus filed in a circuit court and specifically authorized by the FOIA may be denied based on the availability of another adequate remedy at law.

6

The intent of the General Assembly in enacting the FOIA is clearly expressed in its provisions.  As pertinent here, the General Assembly's intent is to "ensure[] the people of the Commonwealth ready access to records in the custody of a public body or its officers and employees" so as "to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government."  Code § 2.2-3700(B).  To effectuate that intent, the General Assembly has expressly provided that the provisions of the FOIA are to be "liberally construed." Id.; see also Beck v. Shelton, 267 Va. 482, 487, 593 S.E.2d 195, 197 (2004); City of Danville v. Laird, 223 Va. 271, 276, 288 S.E.2d 429, 431 (1982).

Specific provisions of the FOIA foster its salutary statutory scheme to provide freedom of information consistent with open government.  Code § 2.2-3713(A) expressly authorizes "[a]ny person . . . denied the rights and privileges conferred by this chapter . . . to enforce such rights and privileges by filing a petition for mandamus."  In addition, the statute further provides that the petition for mandamus may be filed in either the general district court or the circuit court of the jurisdiction in which the denial of the right or privilege under the FOIA is alleged to have occurred.  Id.  This is the only

instance in which the general district courts are given concurrent jurisdiction with the circuit courts to hear mandamus proceedings.  See Code § 16.1-77(6).

The statute further provides that "[t]he petition for mandamus . . . shall be heard within seven days of the date when the same is made."  Code § 2.2-3713(C).  "A single instance of denial of the rights and privileges conferred by this chapter shall be sufficient to invoke the remedies granted herein."  Code § 2.2-3713(D).  And if the court finds the denial to constitute a violation of the FOIA, "the petitioner shall be entitled to recover reasonable costs and attorneys' fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust."  Id.

Finally, and perhaps most significantly, the statute provides that in such proceedings "the public body shall bear the burden of proof to establish an exemption by a preponderance of the evidence.  Any failure by a public body to follow the procedures established by this chapter shall be presumed to be a violation of this chapter."  Code § 2.2-3713(E).  This is contrary to the rule in common law mandamus proceedings which places the burden on the petitioner to prove the violation of a right or privilege and in which there is a presumption of

8

regularity in the conduct of government business.  See Legum v. Harris, 205 Va. 99, 103, 135 S.E.2d 125, 128 (1964).

VDOT acknowledges that these statutory provisions have "modified" traditional principles and procedural requirements relating to mandamus proceedings in the context of the FOIA.  It nevertheless contends that a petitioner must prove lack of an adequate legal remedy to be entitled to mandamus for an alleged violation of the rights and privileges conferred by the FOIA.  The thrust of this contention is that, in light of the above express modifications, the omission of any reference in Code § 2.2-3713 to the common law requirement that the petitioner in a mandamus proceeding prove that an adequate remedy at law does not exist manifests the intent of the General Assembly not to eliminate that requirement in a proceeding involving a FOIA request.

In support of its position, VDOT first argues that we would be required to add words to Code § 2.2-3713 "under the guise of interpretation" in order to conclude that the General Assembly intended to eliminate the traditional requirement of a petitioner in a mandamus proceeding to prove lack of an adequate legal remedy.  VDOT relies upon well-established principles that need not be recited at length here.  See, e.g. Coca-Cola Bottling Co. of Roanoke v. County of Botetourt, 259 Va. 559,

9

565, 526 S.E.2d 746, 750 (2000). Our analysis of the issue presented in this case simply does not involve our careful and consistent refusal to add words to a statute even if such might clarify the statute.

The provisions of Code § 2.2-3713 significantly distinguish the right to mandamus it provides from the common law right to mandamus. By granting concurrent jurisdiction to the circuit and general district courts, expediting the proceedings, providing for an award of costs and attorneys' fees, and shifting the burden of proof to the public body, the General Assembly has evinced an intent to provide mandamus relief under Code § 2.2-3713(A) different from that of common law mandamus. These distinctions are entirely consistent with the express purpose of the FOIA and manifestly facilitate access to appropriate governmental records. Contrary to VDOT's contention, we are of opinion that the lack of any reference in this statute to the common law requirement that the petition prove a lack of adequate remedy at law evinces the intent of the General Assembly to eliminate that common law prerequisite to the issuance of a writ of mandamus. Such is clearly consistent with the salutary statutory scheme of the FOIA.

VDOT principally relies upon our decision in Gannon v. State Corporation Commission, 243 Va. 480, 416 S.E.2d 446

10

(1992), to support its position in this case. This reliance is misplaced. The petitioner in that case had filed a FOIA request for certain records in the possession and control of the State Corporation Commission, which was denied. Rather than availing himself of the remedy provided by the pertinent Rules of the Commission to challenge the denial of his request, the petitioner filed a petition for writ of mandamus in this Court. Under those circumstances, we dismissed Gannon's petition, holding that he was required to avail himself of his "'specific and adequate remedy' under the Commission's Rules before seeking a writ of mandamus in this Court." Id. at 483, 416 S.E.2d at 448. Gannon did not involve a mandamus petition filed in a circuit court pursuant to Code § 2.2-3713(A), and does not address the issue presented in this appeal.

We hold that a citizen alleging a violation of the rights and privileges afforded by the FOIA and seeking relief by mandamus pursuant to Code § 2.2-3713(A) is not required to prove a lack of an adequate remedy at law, nor can the mandamus proceeding be barred on the ground that there may be some other remedy at law available. Accordingly, we hold that the circuit court erred in sustaining VDOT's demurrer and denying Cartwright's petition for writ of mandamus on the ground that he

11

had an adequate remedy at law by means of discovery in the pending condemnation proceeding.

Although Cartwright has received the information he sought to compel VDOT to disclose, as we have noted above, a determination that he would have been entitled to disclosure of that information under the FOIA would further entitle him to receive an award of reasonable costs and attorneys' fees in the absence of a finding by the circuit court of special circumstances that would make such an award unjust. Accordingly, because the circuit court did not reach the issue whether the sales brochure was subject to disclosure under the FOIA, we must remand the case for further consideration of that issue, and, if the court finds Cartwright's request was improperly denied, for consideration of whether and in what amount he should be awarded his reasonable costs and attorneys' fees.

CONCLUSION

For these reasons, we will reverse the judgment of the circuit court and remand the case for further proceedings consistent with the views expressed in this opinion.

Reversed and remanded.

12