PRESENT: All the Justices

GEORGE H. CHRISTIAN

                                     OPINION BY

v.  Record No. 102477     JUSTICE LEROY F. MILLETTE, JR.

                                November 4, 2011

STATE CORPORATION COMMISSION

FROM THE STATE CORPORATION COMMISSION

The threshold issue in this case is whether the Virginia Freedom of Information Act (VFOIA) is applicable to the State Corporation Commission (SCC). For the reasons that follow, we conclude that it is not.

## I. BACKGROUND

On May 13, 2009, George H. Christian submitted two letters to the Clerk's Office of the SCC requesting information pursuant to the VFOIA, Code §§ 2.2-3700 through -3714.[1] For the period of 2008, Christian requested a searchable database of SCC employees, public records listing "all overpayments or unused payments that the Commission's authority to order a refund has lapsed," and any complaints or grievances arising therefrom. (Id.) In a letter dated May 22, Philip R. de Haas, Deputy General Counsel – Financial Services of the SCC, responded that "[w]hile the [VFOIA] does not apply, it is the policy of the

---

[1] The General Assembly made various amendments to the VFOIA in 2011. None materially affect the analysis in this case, but when the language differs from that operative at the time of Christian's request, we cite to the former Code, as amended, effective in 2009.

Clerk to provide information and documents upon request to the extent it is able. However, your information requests pertain to data that is not readily available." He proceeded to direct Christian to websites that might be helpful in obtaining some, but not all, of the information which he sought.

On June 22, 2009, Christian filed with the SCC a pro se "Petition for Temporary Injunction and Petition for Declaratory Relief," alleging that the Clerk had failed to provide the requested public records relating to the overpayments or unused payments and complaints regarding the overpayments or unused payments for which the Commissioner's authority to order a refund had lapsed. Christian's prayer for relief also requested attorney's fees and costs. On July 9, the Clerk's Office produced a single document that it represented was responsive to Christian's petition.

The SCC assigned Christian's petition to the Chief Hearing Examiner, who, after oral argument, filed a report recommending that the SCC dismiss the petition. On November 5, 2010, the SCC entered a Final Order that dismissed the Petition on the grounds that "no actual controversy exists in this matter given the Clerk's Office's timely response to the Petitioner's Request for records." The SCC also found that because no actual controversy existed, it was not necessary to address Christian's other arguments, including whether the VFOIA was applicable to the

2

SCC.  (Id.)  Subsequent to the denial of his motion for reconsideration, Christian appealed to this Court.

In his appeal, Christian designates seventeen assignments of error.  In addition to raising various procedural matters and objecting to the actions taken by the SCC following his receipt of the information requested in his petition, Christian argues that the SCC erred in failing to find the VFOIA applicable to the SCC.

## II.  DISCUSSION

### A.  Standard of Review

This Court aptly summarized our role in relation to the SCC in Northern Virginia Elec. Coop. v. Virginia Elec. & Power Co., 265 Va. 363, 368, 576 S.E.2d 741, 743-44 (2003):

> [T]he Commission's decision "is entitled to the respect due judgments of a tribunal informed by experience," and we will not disturb the Commission's analysis when it is " 'based upon the application of correct principles of law.' "  Lawyers Title Insurance Corp. v. Norwest Corp., 254 Va. 388, 390-91, 493 S.E.2d 114, 115 (1997) (quoting Swiss Re Life Co. Am. v. Gross, 253 Va. 139, 144, 479 S.E.2d 857, 860 (1997)).  However, the Commission's decision, if based upon a mistake of law, will be reversed.  First Virginia Bank v. Commonwealth, 213 Va. 349, 351, 193 S.E.2d 4, 5 (1972).

The SCC therefore is entitled to deference as to its findings of fact and its procedural and evidentiary rulings, while questions of law, including the applicability of the VFOIA to the SCC, will be reviewed de novo.  See Level 3 Commc'ns, LLC v. State

3

<u>Corp. Comm'n</u>, 282 Va. 41, 46, 710 S.E. 2d 474, 477 (2011) (on appeal, the question of whether SCC properly construed statutes is subject to de novo review).

## B. Actual Controversy

While many elements are required to show an actual controversy, the record makes clear that the specific finding of the SCC was that the production of the requested documents rendered the petition moot. Christian, in objecting to the report of the Chief Hearing Examiner, emphasized that the SCC's response was "in direct violation of the VFOIA, including delivery well beyond the five-work-day deadline" and added that a live controversy persisted because he would be entitled to recover his costs and fees if he prevailed.

At the time of Christian's request, the VFOIA required that public bodies subject to the Act provide the requested information or indicate one of the following within five working days of receipt of the request: (1) that the records are being entirely withheld, (2) that the records are being partially provided and partially withheld, (3) that the records could not be found or do not exist, or (4) that more time is necessary. Former Code § 2.2-3704(B).[2] If the records are being withheld, in all or in part, the public body is required to cite with

---

[2] This section has been amended since Christian's original petition. The SCC's original response was insufficient under either version of the statute.

4

specificity the authorization for such withholding. Former Code § 2.2-3704(B)(1). The letter response from the SCC indicating that the requested information was not "readily available" did not satisfy any of these alternatives as set forth within the statute.

The Act went on to provide that:

> If the court finds the denial to be in violation of the provisions of this chapter, the petitioner shall be entitled to recover reasonable costs and attorneys' fees from the public body if the petitioner substantially prevails on the merits of the case, unless special circumstances would make an award unjust.

Former Code § 2.2-3713 (D).

In Cartwright v. Commonwealth Transportation Commissioner of Virginia, 270 Va. 58, 613 S.E.2d 449 (2005), we addressed a similar issue involving late production of documents under the VFOIA. In Cartwright, we said:

> It is true that VDOT provided Cartwright with the requested sales brochure. However, this action does not resolve the issue joined in this appeal, that is, whether a mandamus action brought pursuant to Code § 2.2-3713 is barred by the petitioner having an adequate remedy at law. This is so because, if Cartwright prevails, the issues whether his petition for mandamus should have been granted because VDOT violated the [V]FOIA and, if so, his entitlement to recover his costs and fees would remain to be resolved in the circuit court. Thus, the issue raised by this appeal "is not one in which there is no actual controversy or in which no relief can be afforded," and, consequently, it is not moot.

5

270 Va. at 63, 613 S.E.2d at 452 (quoting in part RF&P Corp. v. Little, 247 Va. 309, 315, 440 S.E.2d 908, 912 (1994)). Likewise, the production of documents in the instant case does not resolve all of the issues raised in this appeal, namely, whether Christian is entitled to recover fees and costs under the VFOIA due to the SCC's insufficient original response. If Christian were to prevail on the merits, and the VFOIA were found to be applicable to the SCC, then the SCC would need to render a determination of appropriate fees and costs under former Code § 2.2-3713. Because the production of the requested records by the SCC would render the issue of fees and costs moot only if the VFOIA were not applicable to the SCC, we must reject the SCC's finding that there was no actual controversy. We therefore must address, as an issue of first impression, whether the VFOIA is applicable to the SCC.

C. Applicability of the VFOIA

While the VFOIA explicitly exempts certain records of various government agencies, the SCC is not one of the agencies specified in the Act's provisions. Former Code §§ 2.2-3705.1 through -3705.7. This list is not exhaustive, however, as evidenced by the opening sentence of Code § 2.2-3704(A): "Except as otherwise specifically provided by law, all public records shall be open to inspection and copying by any citizens of the

6

Commonwealth. . . ." (Emphasis added.)[3] The statute does not, therefore, require that the VFOIA itself be the mechanism of exemption. Accordingly, the absence of a specific exemption for the SCC is not dispositive as to whether the VFOIA is applicable to the SCC.

The SCC presents three primary arguments for the inapplicability of the VFOIA. Taken together, they offer compelling evidence that the legislature did not intend the VFOIA to apply to the SCC.

### 1. The SCC is governed by a separate and parallel structure of laws.

First, the SCC argues that a separate and parallel structure of laws specifically addresses the handling of information at the SCC. The SCC points to certain explicit duties of its Clerk's Office to provide public information enumerated in Code § 12.1-19(A), as well as statutes providing for copy costs, (e.g., Code § 12.1-21.1), and confidentiality provisions, (e.g., Code § 6.2-101), as examples of apparent conflicts with the VFOIA.

The VFOIA serves as a blanket provision from which public bodies may claim statutory exceptions. See Code §§ 2.2-3700(B), 2.2-3713(E). This Court has previously recognized that "the General Assembly's intent is to 'ensure[] the people of the

---

[3] This language appears in both the former and current versions of Code § 2.2-3704(A).

7

Commonwealth ready access to records in the custody of a public body' . . . so as 'to promote an increased awareness by all persons of governmental activities,' " and that "[t]o effectuate that intent, the General Assembly has expressly provided that the provisions of the VFOIA are to be 'liberally construed.' " Cartwright, 270 Va. at 64, 613 S.E. 2d at 452 (quoting Code § 2.2-3700(B)). Accordingly, the VFOIA places the onus on the public body to point to the specific conflicting law offering shelter from a VFOIA request. Code § 2.2-3713(E) ("In any action to enforce the provisions of this chapter, the public body shall bear the burden of proof to establish an exemption by a preponderance of the evidence.").

Because of the mandated principles of statutory construction noted above, the existence of some parallel or even contradictory statutes applicable to the SCC does not suffice as proof that the VFOIA is inapplicable to the SCC as a whole. Indeed, the VFOIA is designed to accommodate public bodies possessing some information that might need to remain confidential.

However, the SCC identifies not a few but at least twenty-seven different statutory provisions directing its information disclosure. This multitude of provisions supports the SCC's argument that a separate and parallel structure of laws controls its information distribution. Particularly persuasive is the

8

fact that many of these provisions, such as Code § 12.1-19 (concerning the duties of the clerk), often specifically pertain to information disclosure. They therefore serve the same general purpose as the VFOIA in distributing information, instead of merely providing exceptions to disclosure in the interest of confidentiality.

2. The SCC is not a "public body" under the VFOIA.

Second, the SCC argues that, based on its constitutional derivation, it is not a public body as defined under the VFOIA. Christian, however, maintains that it is. He bases his argument on a plain-meaning reading of the statute, as the VFOIA includes the term "commission" in the provision determining venue for enforcement proceedings. Code § 2.2-3713(A)(3).

We have previously determined that the Commonwealth Attorney's Office is not a "public body" under the VFOIA because, "[a]s used in the [V]FOIA, the terms 'authority' and 'agency' clearly refer to entities to which responsibility to conduct the business of the people is delegated by legislative or executive action," while "a Commonwealth's Attorney derives his or her authority from the Constitution." Connell v. Kersey, 262 Va. 154, 161, 547 S.E.2d 228, 231 (2001). Likewise, the SCC – authorized under Article IX, § 4 of the Virginia Constitution – is similarly exempt from the VFOIA.

9

### 3. The VFOIA lacks a constitutional enforcement mechanism applicable to the SCC.

The SCC's final argument is the most persuasive. In 1989, this Court upheld a circuit court ruling that the Code section of the VFOIA placing jurisdiction over state-wide commissions in Richmond City Circuit Court was inapplicable to the SCC. Atlas Underwriters, Ltd. v. State Corp. Comm'n, 237 Va. 45, 46-47 375 S.E.2d 733, 734 (1989). In Atlas, we upheld the circuit court's refusal to issue a writ of mandamus directing the SCC to provide official records to Atlas because the writ of mandamus would have been the "equivalent to the entry of an injunction restraining the SCC 'in the performance of its official duties.' " Id. at 49 (quoting Va. Const. art. IX, § 4). We concluded "that the framers of Article IX, § 4, intended that [this] Court have exclusive jurisdiction over all challenges to all actions of the SCC, both judgmental and ministerial." Id. at 49.

Christian responds that enforcement is still possible through a writ of mandamus from this Court. Yet there is nothing in the VFOIA to suggest that the language in the enforcement provision, now Code § 2.2-3713, is anything less than exclusive. That language states that, in the case of a complaint against "a board, bureau, commission, authority, district, institution, or agency of the state government,

10

including a public institution of higher education, or a standing or other committee of the General Assembly," venue "shall" lie with "the general district court or the circuit court of the residence of the aggrieved party or the City of Richmond." Code § 2.2-3713 (emphasis added). Under our holding in Atlas, the enforcement provision therefore remains unconstitutional as applied to the SCC.

Since this Court's ruling in Atlas, the VFOIA has undergone frequent amendments, including changes to the section in question, but the Virginia legislature has not seen fit to modify the enforcement language. The General Assembly is presumed to be aware of the decisions of the Court when enacting legislation. Andrews v. Commonwealth, 280 Va. 231, 286, 699 S.E.2d 237, 269 (2010); Dodson v. Potomac Mack Sales & Serv., Inc., 241 Va. 89, 94, 400 S.E.2d 178, 180-81 (1991). In fact, in this rare instance, we have evidence of the legislature's awareness of the issue. Senate Bill No. 154, relating to proceedings for enforcement of the VFOIA, was introduced but not passed in the 1995 legislative session. It sought to add language allowing for redress in "the Supreme Court of Virginia when such rights were denied by the State Corporation Commission." While this Court will not speculate on the reasons a particular bill was not adopted, the fact remains that both the current language of the VFOIA and the language operative at

11

the time of Christian's petition do not provide for enforcement against the SCC.

The VFOIA therefore is functionally unenforceable against the SCC. As the SCC correctly points out, a policy with no constitutional enforcement provision has no legal weight. See First National Bank in St. Louis v. Missouri, 263 U.S. 640, 660 (1924). This issue is dispositive as to applicability. The authority to amend the statute to make it enforceable against the SCC properly rests with the General Assembly, and this Court is not empowered to second-guess the legislature's decision not to modify the statute following our ruling in Atlas.

## III. CONCLUSION

Had the VFOIA been applicable to the SCC, the late production of requested documents would not have rendered Christian's claim moot, given his prayer for recovery of fees and costs under the VFOIA. Therefore, an adjudication of the applicability of the VFOIA to the SCC was a required threshold issue. For the foregoing reasons, however, this Court finds the VFOIA inapplicable to the SCC. This substantive determination resolves or renders moot all of Christian's assignments of error. We therefore affirm the order of the State Corporation Commission dismissing Christian's petition.

Affirmed.

12