COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Malveaux, Chaney and White
Argued at Lexington, Virginia


BREAKING THROUGH MEDIA, LLC, ET AL.
                                                    MEMORANDUM OPINION* BY
v.        Record No. 0926-24-3                      JUDGE VERNIDA R. CHANEY
                                                    AUGUST 26, 2025
SCOTT SEATON, ET AL.


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas J. Wilson, IV, Judge Designate

Mario Williams (Amina Matheny-Willard; Law Firm of Amina
Matheny-Willard, PLLC, on brief), for appellants.

Rosalie P. Fessier (Timberlake Smith, on brief), for appellee Augusta
County.

No brief or argument for appellee Scott Seaton.


Breaking Through Media, LLC and Samuel J. Orlando petitioned the circuit court for an

injunction and writ of mandamus, alleging that Augusta County and Scott Seaton, member of the

Augusta County Board of Supervisors, violated the Virginia Freedom of Information Act

(VFOIA) when they denied Orlando's request for recordings of specific closed board sessions.

The circuit court ruled that the "subject [V]FOIA requests were not timely responded to by [the

Board]" and ordered the County to "provide the tape or recording of the portion of the March

20th closed session."  In response, the County filed a motion for reconsideration, after which the

court found that the recording was exempt from production.  The court also denied appellants'

request for attorney fees and costs.  Appellants appeal the trial court's denial of their petition for

_____
* This opinion is not designated for publication.  See Code § 17.1-413(A).

injunctive relief and their request for attorney fees and costs.  Finding no error, this Court affirms the trial court's denial of injunctive relief and appellants' request for attorney fees and costs.

BACKGROUND[1]

On March 20, 2023, the Augusta County Board of Supervisors held a board meeting scheduled for 1:30 p.m.  The agenda indicated that a portion of this meeting would be a closed session.  On the day of the meeting, at 1:12 p.m., Steve Morelli, a member of the Board, emailed his resignation to the Augusta County Administrator, Timothy Fitzgerald, and copied two other Board members, Michael Shull and Jeffrey Slaven.  Morelli did not attend the board meeting, and the remainder of the Board was not aware of Morelli's resignation when the meeting commenced.  At the board meeting, Fitzgerald shared Morelli's resignation with the Board members and noted that they would discuss his resignation during the closed session.  When the Board came out of the closed session portion of the meeting, they announced Morelli's resignation again and stated that they accepted his resignation, which was reflected in the meeting minutes.

The Board went into closed session to discuss matters pursuant to "the personnel exemption under Virginia Code § 2.2-3711(A)(1)" and "the economic development exemption under Virginia Code § 2.2-3711(A)(5)."  Unbeknownst to the other Board members, Seaton had been secretly recording closed sessions, including the one on March 20.  On August 2, the Board issued a resolution finding that the secret audio recordings "may be public records and as such belong in the possession, custody, and control of the County and not an individual board member, although such recordings may be lawfully exempt from disclosure to others not in attendance at such closed meetings."  The Board requested that Seaton provide "any and all

---

[1] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the prevailing party at trial." *Norfolk S. Ry. Co. v. Sumner*, 297 Va. 35, 37 (2019).

public records" as defined in VFOIA "which are in his possession, custody, or control pertaining to closed session," including the recordings he had made during the closed session on March 20.

On August 7, 2023, appellants emailed a VFOIA request to Seaton seeking notes and recordings of the board meeting held on March 20, requesting the listed meeting agenda item concerning the resignation of Board member Morelli.[2] Seaton responded via email that same day, stating that he would forward the request to the Board's FOIA officer, Jennifer Whetzel. On August 24, appellants emailed Seaton again, stating that they had "not heard from anyone since [the] email of August 7th." Appellants also noted that this lack of response violates the VFOIA statute, which provides a deadline of five days for VFOIA requests. Seaton forwarded this email to Whetzel and the Assistant County Attorney, stating that this was "not intentional" as he had received "multiple [VFOIA] requests during that time." Whetzel replied to appellants on August 25, stating that they would be withholding the closed session recording under Code §§ 2.2-3705.1(5) (the closed session exemption), 2.2-3711(A)(1) (the personnel exemption), and 2.2-3711(A)(5) (the economic development exemption).

On October 30, appellants petitioned for injunctive relief with the circuit court under VFOIA, seeking relief against appellees for failure to make public records available for inspection. Appellees responded, acknowledging that Seaton "inadvertently failed to forward [appellants'] [V]FOIA request" but stating that appellants failed to follow standard county VFOIA procedures by contacting Seaton directly rather than going through the VFOIA website. The circuit court held a hearing, and on January 17, 2024, the court issued an opinion letter ordering the County to provide the recording of the March 20 closed session to appellants. The

---

[2] Appellants also requested notes and recordings of 16 other closed board sessions, specifically any mentions of the terms "body cameras," "body cams," "Sheriff," and "lawsuit," as well as mentions of 2 other named individuals. Whetzel responded to these requests, citing numerous exemptions for each relevant closed session held by the board. These requests and exemptions are not relevant on appeal.

court found that there was "no need for an injunction" because "compliance . . . is sufficient." The court further awarded appellants attorney fees and costs.

On February 27, appellees filed a motion to reconsider and to file the recording under seal for in camera review. Appellees also filed a motion to suspend or stay the final order pending the appeal. The circuit court reviewed the audio recording for the March 20 Board hearing in camera. It determined that the recording contained "information and statements that at times specifically identified county employees, and contained information and statements that would lead to a high probability of identification of county employees who are entitled to the privacy protections this exemption provides them." The court determined that the recording correctly fell under Code § 2.2-3705.1 (personnel matter exemption) and granted the motion for reconsideration. The court also reconsidered appellants' award of attorney fees and found no evidence "establishing the reasonableness of any of the sought attorney fees, either as to scope of work done, the reasonableness of the hourly rate for the paralegal services, or the rate for the attorney." As a result, the circuit court found that appellants failed to meet their burden and refused to award attorney fees and costs.

Appellants appealed, arguing that the trial court erred in denying their petition for injunctive relief and granting appellees' motion for reconsideration. Appellants also contend that the circuit court erred in denying their request for attorney fees and costs.

ANALYSIS

I. The circuit court did not abuse its discretion in denying appellants' petition for injunctive relief.[3]

Appellants argue that the circuit court "erred in denying [their] petition for injunctive relief" because the Board committed a "technical" VFOIA violation by "fail[ing] to respond in a timely manner" to the request.

"The legislature has set forth clear statutory canons of construction for . . . VFOIA. 'By its own terms, the statute puts the interpretive thumb on the scale in favor of disclosure.'" *Hawkins v. Town of South Hill*, 301 Va. 416, 424 (2022) (quoting *Fitzgerald v. Loudoun Cnty. Sheriff's Off.*, 289 Va. 499, 505 (2015)). "The provisions of [VFOIA] shall be liberally construed," while "[a]ny exemption from public access to records or meetings shall be narrowly construed and no record shall be withheld or meeting closed to the public unless specifically made exempt pursuant to this chapter or other specific provision of law." Code § 2.2-3700(B).

"When a statute empowers a court to grant injunctive relief, the party seeking an injunction is not required to establish the traditional prerequisites, i.e., irreparable harm and lack of an adequate remedy at law, before the injunction can issue." *Va. Beach S.P.C.A., Inc. v. S. Hampton Rds.*

---

[3] At oral argument, appellants contended that this case "begins and ends with statutory construction." Appellants argued that the court should have granted injunctive relief in part because the Board's closed session agenda was overly general and failed to list the specific subject matter which the Board would be discussing during the closed session. *See Cole v. Smyth Cnty. Bd. of Supervisors*, 298 Va. 625, 640 (2020) ("[A] 'general reference to . . . the subject matter of the closed meeting shall not be sufficient.'" (second alteration in original) (quoting Code § 2.2-3712(A)). However, this Court need not reach either argument.

"[T]he doctrine of judicial restraint dictates that we decide cases 'on the best and narrowest grounds available.'" *Butcher v. Commonwealth*, 298 Va. 392, 396 (2020) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)). Moreover, "[w]hen the language of an enactment is free from ambiguity, resort to legislative history and extrinsic facts is *not permitted* because we take the words as written to determine their meaning." *Newberry Station Homeowners Ass'n v. Bd. of Supervisors*, 285 Va. 604, 614 (2013) (emphasis added). This Court can resolve the issue of injunctive relief, as the relevant statutory terms are not ambiguous. Therefore, this Court need not consider the legislative history of the relevant VFOIA code sections. Further, because the circuit court found that the Board violated VFOIA by failing to respond in a timely manner to appellants' request, this finding is sufficient to address the issue of injunctive relief.

*Veterinary Ass'n*, 229 Va. 349 (1985); *see also Cartwright v. Commonwealth Transp. Comm'r of Va.*, 270 Va. 58, 66-67 (2005) (VFOIA plaintiff seeking statutorily authorized mandamus remedy need not establish requirements applicable to a traditional mandamus proceeding). Instead, "[a]ll that is required is proof that the statute or regulation has been violated." *Va. Beach S.P.C.A.*, 229 Va. at 354.

"[O]nce a violation of VFOIA has been established, whether an injunction is warranted is a question committed to the [circuit] court's discretion." *Suffolk City Sch. Bd. v. Wahlstrom*, 302 Va. 188, 211 (2023). "In exercising that discretion, a [circuit] court should consider the potential for a future violation of VFOIA." *Id.* The entry of an injunction is considered "extraordinary relief [and] is still predicated on the probability that future violations will occur." *Id.* (alteration in original) (quoting *Marsh v. Richmond Newspapers, Inc.*, 223 Va. 245, 258 (1982)). While "a single violation of the Act is sufficient to permit the granting of relief based on the inference that future violations will occur, . . . such an extraordinary and drastic remedy is not to be casually or perfunctorily ordered . . . ." *Nageotte v. Bd. of Supervisors*, 223 Va. 259, 270 (1982).

In *Marsh*, the Supreme Court of Virginia held that, despite a correct finding by the circuit court that a VFOIA violation occurred, the court "abused its discretion by granting the injunction." 223 Va. at 258. "Although a [circuit] court may in its discretion grant an injunction when there has been only a single violation of the Act, the granting of such extraordinary relief is still predicated on the probability that future violations will occur." *Id.* The Court in *Marsh* explained that, because the circuit court did not infer from a single violation that future violations will follow, and in fact expressed the view that there would be no future violations, there was "no justification for injunctive relief." *Id.*

In its final order, the circuit court found that Seaton and the Board's eventual response to appellants' request for the closed session records was "untimely" and "technically a [V]FOIA

violation."[4]  The court ordered the Board to "provide the tape or recording of the portion of the

March 20th closed session involving Morelli to [appellants]," but found that there was "no need for

an injunction."  The court felt that "ordering compliance" was "sufficient" in this case.

The circuit court correctly found that the Board had violated VFOIA by failing to respond in

a timely manner to appellants' request and did not abuse its discretion in refusing to enter an

injunction.  While the Board responded to appellants' request for the closed session recordings, their

response was "untimely," which was "technically a [V]FOIA violation."  This timeliness finding

alone is insufficient to find that the Board is likely to commit future violations, nor did the court find

as such.  Therefore, there is no justification for injunctive relief, and the court did not abuse its

discretion in refusing to issue an injunction.

II.  The circuit court did not abuse its discretion in granting the Board's motion to reconsider
following an in camera review of the March 20 audio recording.

Upon the circuit court ordering compliance, the County filed a motion for reconsideration

and submitted the recording of the March 20 closed session for in camera review by the court.

The court listened to the recording and found that "it is entirely exempted under Code Section

2.2-3705.1."  Appellants assert that the circuit court erred in granting this motion for

reconsideration.

A circuit court's decision to grant a motion for reconsideration is reviewed for abuse of

discretion.  *Primov v. Serco, Inc.*, 296 Va. 59, 70 (2018).  "Motions to reconsider are available

where there is an 'error apparent on the face of the record, or for the purpose of introducing

---

[4] Any request for public records shall be responded to "within five working days of receiving a request," and "[f]ailure to respond to a request for records shall be deemed a denial of the request and shall constitute a violation of this chapter."  Code § 2.2-3704(B), (E); *see also Hurst v. City of Norfolk*, 97 Va. Cir. 158, 172-73 (2017) (finding that the City did not abide by the timely response requirement of Code § 2.2-3704(B) and therefore committed a VFOIA violation).

after-discovered evidence.'" *Rosson v. Erie Ins. Exch.*, 79 Va. App. 266, 283 (2023) (quoting *Kirn v. Bembury*, 163 Va. 891, 901 (1935)).

In its second letter opinion, the circuit court reaffirmed that the Board had committed a VFOIA violation for timeliness and insufficient description of a closed session but found that the recording was exempt from disclosure. The court found that the audio recording "contains information and statements that at times specifically identified county employees, and contained information and statements that would lead to a high probability of identification of county employees who are entitled to the privacy protections this exemption provides them." This reasoning is sufficient for the circuit court to find that the entire recording was exempt from disclosure under the personnel exemption. Therefore, the circuit court did not abuse its discretion in refusing to require disclosure, nor did it abuse its discretion in granting the motion for reconsideration.

III. The circuit court did not abuse its discretion in refusing to grant appellants' request for attorney fees and costs.

This Court reviews a circuit court's decision whether to award attorney fees for abuse of discretion. *Sobol v. Sobol*, 74 Va. App. 252, 288 (2022). Under VFOIA, a single instance of denial of the rights and privileges conferred by VFOIA is sufficient to invoke remedies granted under the statute, including "attorney fees from the public body *if the petitioner substantially prevails on the merits of the case*, unless special circumstances make an award unjust." Code § 2.2-3713(D) (emphasis added). "By its express terms, Code § 2.2-3713(D) does not require a VFOIA petitioner to prevail on all aspects of his or her claim to be entitled to fees and costs, but only to 'substantially prevail[] on the merits of the case[.]'" *Suffolk City Sch. Bd.*, 302 Va. at 215 (alterations in original). To "substantially prevail, a litigant need not have achieved all of his or her objectives in the litigation, but rather, must have been successful regarding the main object of his or her suit." *Id.* "'[T]he merits of the case' plainly refers to the object of the action in which

a claim that the [V]FOIA has been violated is made, and that the party has prevailed in proving that there was some violation of the [V]FOIA by the public body." *Hill v. Fairfax Cnty. Sch. Bd.*, 284 Va. 306, 314 (2012). If the primary purpose of the action is "merely to force compliance with the [V]FOIA by requiring the public body to produce the requested documents, then a finding by the trial court that some documents were wrongfully withheld may satisfy the statute's requirement that the party 'substantially prevails on the merits.'" *Id.* at 314-15.

The circuit court denied appellants' motion for attorney fees and costs finding that appellants presented "minimal evidence on fees" and that appellants "have not substantially prevailed on the merits of the case." Appellants argue that the primary objective in their claims was to find that there had been a VFOIA violation, while the Board asserts that the primary purpose was to force disclosure of the audio recording. This Court finds that the primary purpose of the case was to compel disclosure of the recording. Appellants began this claim seeking an injunction requiring appellees to provide them with access to the March 20 audio recording and a writ of mandamus requesting all other recordings responsive to their initial VFOIA request. Following the circuit court's letter opinion finding a VFOIA violation, the Board sought reconsideration and presented the recording for in camera review by the court. The circuit court heard the recording in camera and determined that the recording was, in fact, exempt from VFOIA disclosure despite the Board's initial violation in failing to respond in a timely manner and error in sufficiently describing the closed session agenda.

This Court finds that the main object of appellants' petition was to obtain documents requested under VFOIA that they believed the County wrongfully withheld. Because appellants failed to obtain this recording, they did not obtain the object of their suit. The circuit court did not abuse its discretion in finding that appellants were not entitled to an award of attorney fees and costs.

CONCLUSION

For these reasons, this Court affirms the circuit court's ruling below.

*Affirmed.*